[S. F. No. 1129.     Department One.—December 13, 1898.]

## CHARLES G. KUHLMAN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

CORONER OF SAN FRANCISCO—COUNTY OFFICE—GENERAL LEGISLATION—REPEAL OF SPECIAL ACT.—The coroner of the City and County of San Francisco is a county officer, and general laws pertaining to the powers and duties of coroners are as applicable to him as to any other coroner in the state; and all the provisions of the special act of 1872, which are covered by such general legislation, are repealed.

ID.—INQUEST—PUNISHMENT OF RECALCITRANT WITNESS—JURISDICTION OF SUPERIOR COURT.—The punishment of a recalcitrant witness who refuses to attend or testify at an inquest held by the coroner of San Francisco, is regulated by section 1513 of the Penal Code, and not by sections 17 and 18 of the special act of 1872, which are repealed by that section of the Penal Code; and the superior court has no jurisdiction to punish such a witness under that special act; nor could the superior court exercise jurisdiction under the terms of section 17 of the act of 1872 to punish a witness merely upon the face of the warrant and order of the coroner, without a trial in that court.

CERTIORARI from the Supreme Court to review and annul

an order of the Superior Court of the City and County of San Francisco, imprisoning the petitioner for contempt. W. H. Dangerfield, Judge.

The facts are stated in the opinion of the court.

J. B. Clarke, for Petitioner.

Lennon & Hawkins, for Respondent.

GAROUTTE, J.—This proceeding is inaugurated by a writ of review to annul the action of the superior court of the city and county of San Francisco, W. R. Daingerfield, judge, in a proceeding pending therein. It is based upon the following facts: Petitioner, Kuhlman, was regularly subpoenaed as a witness to give testimony in a case of inquest pending before the coroner of the city and county aforesaid. He appeared and refused to testify, whereupon the coroner adjudged him guilty of contempt, and ordered that he be imprisoned in the county jail of the city and county of San Francisco until he complied with the order of the court requiring him to so testify. The coroner thereupon ordered the sheriff of said city and county to arrest Kuhlman and bring him before the nearest judge of the police court or judge of the superior court of the city and county aforesaid "to be punished according to law, and to have said judgment and sentence of imprisonment enforced." Kuhlman was arrested and brought before the superior court, Daingerfield, judge, and upon hearing had in that court the following order was made:

"It appearing to me from said order and warrant of said coroner that the said Charles G. Kuhlman has the ability, and that it is within his power to be sworn as a witness at the said inquest then and there and now pending before said coroner as aforesaid, and after the hearing of said matter, being now fully advised in the premises, it is hereby ordered, adjudged and decreed in open court that he, the said Charles G. Kuhlman, for his said contempt of the authority of said William J. Hawkins, coroner of the city and county of San Francisco, state of California, committed in the immediate presence of said coroner, in refusing to be sworn as a witness at the inquest then and now pending before said William J. Hawkins, coroner of the city and county of San

Francisco, to determine the cause of death of . . . . be punished by. imprisonment in the county jail of the city and county of San Francisco, of the state of California, until he complies with the order of said William J. Hawkins, coroner of the city and county of San Francisco."

It is the aforesaid order that is sought to be reviewed by this proceeding.

It is now contended upon the part of the respondent, in behalf of the coroner, that the action of the judge of the superior court was not judicial, but ministerial, and that for such reason review is not the proper remedy to right the wrong, as there can be no such thing as an excess of jurisdiction in such a case. We pass this contention of respondent for the moment without decision. Whatever action the judge of the superior court, or the superior court itself, took in the matter, its authority to act rests alone in sections 17 and 18 of the act of the legislature found in the Statutes of 1872, page 406; and, if that act is not in force and effect, the action here taken as outlined by the foregoing order, whether it be judicial or ministerial, must fall. Assuming then the order to be the result of judicial action, that action only has support under the aforesaid sections, and, if that support be taken away, the order of necessity must be null as going outside of the law.

The act of 1872 is one pertaining solely to the duties of the coroner of the city and county of San Francisco; yet the coroner of the city and county of San Francisco is a county officer (*Kahn v. Sutro,* 114 Cal. 316), and general laws pertaining to the duties of coroners are as applicable to him as to an other coroner of the state. In the County Government Act and in the Penal Code we find the general powers and duties of coroners quite fully set forth, and clearly those provisions are binding upon the coroner of the city and county of San Francisco. Whatever may be said as to the force and effect of the provisions of the act of 1872, not covered either by the County Government Act or the Penal Code, there can be no question but that all those provisions of the act which are covered by that general legislation are repealed. Upon inspection we find section 1513 of the Penal Code providing as follows: "A witness served with a subpoena may be compelled to attend and testify, or pun-

ished by the coroner for disobedience, in like manner as upon a
subpoena issued by a justice of the peace." Here is a provision
of the general law directly applicable to the facts of the case
at hand, and such provision of the code must be held to repeal
any special act in effect at the time the codes went into effect.
This section of the code deals directly with witnesses refusing to
attend and testify before the coroner, and by implication neces-
sarily repeals all parts of the act of 1872 treating upon that sub-
ject. (*Carpenter v. Jones*, 121 Cal. 362.) As to what particular
parts of the act of 1872 are still in foce, if any, it is not neces-
sary to decide. The order of the superior court being based upon
purported authority found in sections 17 and 18 of the act of
1872, and the law there found being repealed, the entire proceed-
ing taken and had before the superior court must fall to the
ground.

There is another reason why the proceeding taken in the
superior court must be annulled. Clearly section 18 of the act
of 1872 has no application to this case, for the punishment there
prescribed is limited to fine or imprisonment, and no such pen-
alty has been administered here. It follows that section 17 of
the act is the only one whch has any application to the subject
matter covered by this proceeding. Yet that section only allows
the coroner to issue a warrant of arrest for the recalcitrant wit-
ness, and thereupon the guilty party must be "brought before the
police judge or county judge of his county to be punished ac-
cording to law." The particular proceeding contemplated by
this section is not plain. Whether the section is intended to
apply to contempts simply, or contemplates cases where a misde-
meanor or felony has been committed, and upon the issuance of
the warrant of arrest by the coroner a trial in the court having
jurisdiction is to follow, is a matter of some doubt; but it is plain
that the section gives the coroner no authority to punish any-
body, and whatever may be the nature of the proceeding, whether
a simple contempt or a trial of a criminal case, the power rests
alone in the court to try it and adjudge the punishment. This
construction of the law necessarily does away with the conten-
tion of respondent that whatever was done by the judge of the
superior court in this matter was purely done in a ministerial
capacity, and in no sense partook of judicial functions. Again,

it cannot be successfully contended that this petitioner was punished under the aforesaid section of the Penal Code, and then the proceeding outlined in section 17 of the act of 1872 invoked in order that a commitment might issue from a regularly constituted court. It is only in those special cases covered by section 17, and where the warrant of arrest alone is issued by the coroner, that the proceedings there laid down may be invoked. The measure of the power is found in the section itself. In conclusion upon this branch of the case, we find the superior court making an order adjudging this petitioner guilty of contempt, and decreeing that he be punished by imprisonment. This judgment and decree of the court in itself declares that it is based upon the warrant of arrest and order of commitment made by the coroner. It is evident, therefore, that the petitioner had no trial before the superior court, but was adjudged guilty upon the showing made by the face of the warrant and order of the coroner. Even conceding the legislature has the power to vest such unusual authority in the superior court, namely, to adjudge guilt without trial, still there is no attempt by the legislature to do such a thing here, for, as we have seen, the coroner had no right under the section to make any order declaring the petitioner guilty and adjudging the punishment. Hence, the order upon which the superior court based its decree was one made by the coroner without any justification in section 17 of the act of 1872. It is, therefore, apparent that the court exceeded its authority in making the order of which complaint is here made, and that such order must be annulled.

In conclusion, we suggest that, if the aforesaid section 1513 of the Penal Code declared that a violation of its provisions would render the party so violating them guilty of a misdemeanor, thereby eliminating any question of contempt from the case, such legislation would probably do away with the complex and intricate questions of law involved in the consideration of matters of contempt claimed to have been committed before *quasi* judicial officers such as the coroner.

The order of the superior court is annulled.

Harrison, J. and Van Fleet, J., concurred.