## MAU v. STONER ET AL.

CONTEMPT — COURTS — DISTRICT COURT COMMISSIONERS — JURISDIC-
TION—AUTHORITY AT CHAMBERS—WATER AND WATER RIGHTS—
APPOINTMENT OF WATER DISTRIBUTER FOR PARTNERSHIP DITCH.

1. Where a District Court Commissioner orders the arrest of a party for contempt, and upon a hearing adjudges the party guilty and imposes sentence, the validity of the order of the District Court in approving the acts and proceedings of the commissioner will depend upon the validity of the acts of that officer and his jurisdiction in the premises; and the fact that the court enters not only an order of approval, but, upon the proceedings and findings of the commissioner alone, expressly adjudges the party charged to be guilty and imposes sentence, will not render the conviction legal if the commissioner's acts and proceedings were without jurisdiction.

2. In such case, as the court acts solely upon the proceedings and findings of the commissioner, without issuing separate process or causing the party charged to be brought before it to answer the charge, its general jurisdiction to attach and punish for contempt is not brought into exercise.

3. The office of District Court Commissioner is not constituted a court separate and distinct from the District Court, but the commissioner is an adjunct or officer of such court.

4. The act of a party in wrongfully interfering with a water distributer appointed by a District Court Commissioner, if a contempt at all, would not be technically a contempt of the commissioner, nor of the Judge had the latter made the appointment, but it would be a contempt of the District Court, wherein the proceedings for the appointment of the distributer were pending.

5. The statutory proceeding for the appointment of a distributer of water conveyed through a joint ditch is a proceeding in the District Court, although it may be heard summarily by the Judge thereof at chambers, or the Court Commissioner.

6. Where an affidavit is filed in the District Court charging a party to a proceeding for the appointment of a water distributer for a joint ditch with contempt, in unlawfully interfering with the distributer in the performance of his duties, the contempt proceeding is one pending in the court.

7. The summary proceeding for the appointment of a water

distributer for a joint ditch is purely statutory, and does not invoke the common law or equitable jurisdiction of the District Court.

8. The authority, if any, to enforce, by contempt proceedings, orders made in a proceeding for the appointment of a water distributer for a joint ditch, must be found outside the statute authorizing such appointment, since such statute contains no provision therefor.

9. The District Court Commissioner being expressly authorized by law, in respect to any suit or proceeding pending in the District Court, to make any order which a District Judge is authorized by law to make in chambers, if such Judge is absent from the county or disqualified from acting, the commissioner possesses no power to hear and determine a particular contempt proceeding which the District Judge would be unauthorized to hear and determine at chambers.

10. A Judge at chambers cannot render a judgment, unless. expressly authorized by law.

11. A Judge at chambers has no power, without express authority of law, to punish for contempt not committed in his presence.

12. A party charged with contempt in unlawfully interfering with a water distributer for a joint ditch in the performance of his duties denied the allegations of contempt, and testimony was taken upon that issue, and guilt was adjudged upon the evidence. *Held,* that the hearing and determination of the contempt proceeding involved the trial of an issue of fact, and that such trial would not be authorized under the statute before the District Judge in chambers.

13. As the District Judge would not have been authorized to hear and determine at chambers the particular contempt charged in this case, the Court Commissioner was without jurisdiction to hear and determine the same.

14. Whether the commissioner would have been authorized to order the party charged with the alleged contempt to show cause before the court is not decided.

[Decided April 25, 1904.]                    (76 Pac., 584.)

Error to the District Court, Uinta County, Hon. Richard H. Scott, Judge of the First Judicial District, presiding.

Frank A. Mau was proceeded against for contempt in interfering with a water distributer appointed in a pro-

ceeding pending in the District Court of Uinta County. Process for his arrest was issued by the District Court Commissioner, before whom he was brought and tried, and by whom he was adjudged guilty and sentenced to pay a fine of $25. On review of the commissioner's proceedings, the court approved them, and expressly adjudged the respondent guilty and ordered him to pay a fine of $25. The respondent complained on error of the said judgment. The other material facts are stated in the opinion.

*J. H. Ryckman,* for plaintiff in error.

The District Court Commissioner has no power to punish for contempt except as conferred by statute, and the only authority is contained in subdivision 7, Section 3334, Revised Statutes. That authority is confined to contempts committed in the presence of the commissioner. (Const., Art. 5, Sec. 2; R. S., Sec. 3329 *et seq.; In re* Remington, 7 Wis., 541; Haight v. Lucia, 36 Wis., 355.) Courts created by the Legislature, or whose duties are to be prescribed by the Legislature under the constitution, have such powers only as are especially given them. (Stuart v. People, 3 Ill., 395; State v. Galloway, 5 Cold., 326; Rutherford v. Holmes, 66 N. Y., 372; Newton v. Lacklin, 77 Ill., 103; Morrison v. McDonald, 21 Me., 555; Brooker v. Co., 12 S. & R., 175; Piper v. Pearson, 61 Am. Dec., 442; Clark v. People, 12 id., 175.)

A contempt of court is of a criminal nature and must be governed by the rules of construction applicable to criminal cases. The purpose of the proceeding is to vindicate the authority and dignity of the court, and hence jurisdiction must be clear. (Kirk v. Milwaukee D. Co., 26 Fed., 501; *Ex parte* Edwards, 11 Fla., 184; *Ex parte* Hickey, 4 Sm. & M., 751; *Ex parte* Schenck, 65 N. Car., 353; *Ex parte* Robinson, 19 Wall., 510; 3 Phil. Ev., 987; Townshend v. Brooke, 9 Gill., 90; State v. Warren, 28 Md., 338; Snyder's App., 36 Pa. St., 166.) If the District Court Commissioner had no jurisdiction then the District Court was without power to approve the proceedings. (Gregory v.

Williams, 24 Ark., 177; Thompson v. Colony, 6 Vt., 91; Breckinridge v. Johnson, 57 Miss., 371; Haight v. Lucia, *supra*.)

The constitution does not vest the commissioner with any judicial power; it designates the courts in which shall be vested the judicial power of the State. (Const., Art. 5, Sec. 1.) District Court Commissioner is not there named. The Legislature, under the power given by Section 14, Article 5, of the constitution, made provision for the appointment of District Court Commissioners, giving them authority to perform certain chamber business and certain other duties. Their judicial powers are all conferred by act of the Legislature. Such a court, therefore, is not a constitutional court in the sense that its powers may not be limited by the Legislature. (Hovey v. Elliott, 39 N. E., 841.) But if the Commissioner's Court be called a constitutional court the commissioner was not empowered to make the order complained of in the case at bar, for the reason that the District Judge has no power to punish for contempt in chambers. (4 Ency. Pl. & Pr., 340, and cases cited; R. R. Co. v. Sloan, 31 O. St., 1; *In re* Remington, 7 Wis., 643.) There must be express authority of law to authorize the transaction of any judicial business in chambers, and no authority for the District Judge to try a contempt case in chambers exists. (R. S., Secs. 3610-3612; Sess. Laws 1901, p. 27; 4 Ency. Pl. & Pr., 337.) Contempt statutes must be strictly construed. (4 Ency. Pl. & Pr., 77; Batchelder v. Moore, 42 Cal., 412; *In re* Shannon, 11 Mont., 67.) A decree not within the powers granted to the court, although it has jurisdiction of the parties and subject matter, is void. (U. S. v. Walker, 109 U. S., 258; Morrill v. Morrill, 11 L. R. A., 155, note.)

The commissioner was personally disqualified in this cause for the reason that he had been engaged as attorney for one of the parties and had given advice in reference to the subject matter of the suit. (R. S., Sec. 3139; Tootle v. Berkley, 56 Pac., 755; Oakley v. Aspinwall, 3 Comst.,

547; Ins. Co. v. Price, 1 Hopk.'s Ch., 1; Garrett v. Gaines, 6 Tex., 435; Adams v. Minor, 53 Pac., 815; Meyer v. San Diego, id., 434; Moses v. Julian, 45 N. H., 52; Calder v. Bull, 3 Dall., 388; Brown v. Byrne, Walker's Ch., 453; Heyn v. Farrar, 36 Mich., 258; Cooley's Const. Lim., 517; 1 Bl. Com., 91; Pearce v. Atwood, 13 Mass., 340; R. R. Co. v. Summers, 113 Ind., 10.)

When the plaintiff in error filed his affidavit alleging bias and prejudice of the Court Commissioner, the latter lost his jurisdiction. The statute is mandatory and left nothing to discretion. (Perkins v. McDowell, 19 Pac., 440; Barnes v. McMullins, 7 Mo., 260; Carpenny v. Sedalia, 57 Mo., 88; Runals v. Brown, 11 Wis., 185; People v. Compton, 123 Cal., 403; Paul v. Thayer, 105 Mass., 221; Ross v. State, 57 Pac., 924; McGoon v. Little, 7 Ill., 42; Sumner County v. Wellington, 39 Kan., 137; Gordon v. Conner, 51 Pac., 747; McGregor v. Crane, 98 Mass., 530; Richardson v. Welcome, 6 Cush., 332; Frevert v. Swift, 19 Nev., 363.)

*John C. Hamm,* for defendants in error.

District Court Commissioners are creatures of the constitution; and the Legislature is empowered to provide for their appointment. The constitution directs what their primary functions shall be. (Const., Art. 5, Sec. 14.) In providing for the appointment the Legislature designated certain powers, authorizing the commissioner to make any order which a Judge is authorized by law to make in chambers during the absence or disqualification of such Judge. (R. S., Sec. 3334.) The Commissioner's Court being a creature of the constitution, it cannot by legislative enactment be shorn of its inherent right to punish for contempt, although the Legislature may regulate the exercise of the power. (7 Ency. Law, 3233.)

POTTER, JUSTICE.

Upon a petition filed in the District Court of Uinta County by the defendants in error for the appointment of

some suitable person to distribute the water from an irrigating ditch alleged to be the joint ditch of the defendants and plaintiff in error, one H. J. Somsen was appointed by the District Court Commissioner to distribute the water in said ditch.   Thereafter an affidavit of said Somsen was filed in said court, setting forth that the plaintiff in error had interfered with his discharge of the duties imposed upon him by the order of the Court Commissioner.   Thereupon said Court Commissioner ordered that an attachment issue commanding the Sheriff to arrest the plaintiff in error and bring him before the commissioner at a time stated in the order, then and there to show cause why he should not be punished for contempt of court.   The writ issued, and the Sheriff thereon arrested the plaintiff and brought him into the presence of the commissioner.   A hearing was had, testimony taken, and the commissioner entered an order finding the plaintiff in error guilty of a wilful and intentional violation of the order of the court and of interfering with said water distributer in the performance of his duties, and adjudging that he be fined in the sum of twenty-five dollars and costs of the proceeding, but suspended execution until the proceedings could be submitted to the proper Judge for confirmation, if the same be necessary, or until the further order of the court.

The proceedings were thereafter brought before the District Judge, and submitted before him "upon the testimony, pleadings, affidavits, filings and findings of the Court Commissioner," whereupon the proceedings and findings of the commissioner were approved; and the court, upon the evidence, found and adjudged that the plaintiff in error had wilfully, intentionally and contumaciously interfered with an officer of the court, viz: said Somsen, who had been duly appointed to divide and distribute the water in the irrigating ditch aforesaid, and said plaintiff in error was ordered to pay a fine of twenty-five dollars and the costs of the proceeding, and execution therefor was awarded.   The plaintiff in error complains in this proceeding in error of that judgment.

It is contended that the District Court Commissioner was without authority to entertain the contempt proceedings, or to make any orders or judgment therein, and that the alleged infirmity in the proceedings was not cured by an attempted approval thereof by the Judge or court, or the judgment thereon rendered adjudging guilt and imposing punishment.

It is also contended that the Court Commissioner was personally disqualified from acting by reason of his alleged professional relations to an action previously litigated between the parties. As to this point there is not sufficient proof, in our opinion, to sustain the charge, and it will not be further considered.

The chief contention that the judgment was rendered without any authority of law presents a serious question, and requires the most careful consideration. It may be conceded that the court would have had power to entertain and determine the proceedings, and, upon a trial of the accused before it, to have adjudged him guilty of a contempt and imposed a fine by way of punishment. But the important question is whether the commissioner possessed the power he assumed to exercise, and whether the subsequent action of the court or Judge cured the defect, if any, in the jurisdiction of the commissioner.

In the first place, we think it clear that the order of the court approving the acts and proceedings of the commissioner, and upon those proceedings, and the evidence taken before the commissioner, adjudging the plaintiff guilty of the contempt charged, and that he pay a fine and the costs, was not made in the exercise of a general or independent jurisdiction which the court may have possessed to attach and punish the plaintiff in error as for a contempt by reason of his alleged interference with the water distributer aforesaid. The accused was not at any time ordered to appear before the court to show cause why he should not be punished for contempt, nor was he tried by the court on the charge preferred against him. No testimony was taken at

the hearing before the court. The matter was submitted upon the proceedings and findings of the commissioner. The plaintiff in error was arrested upon an attachment ordered by the commissioner, and brought before that officer, and then and there the charge against him was tried, and the commissioner adjudged him guilty. The matter thereupon was heard by the court, not in obedience to any process for that purpose, but manifestly in pursuance of the provisions of Section 3337, Revised Statutes, requiring the District Court to review all orders made by, and proceedings had before commissioners of such court during vacation, and approve, disapprove, reverse or modify every such order or proceeding. It is unnecessary to decide whether the orders of the commissioner in the summary proceedings for the appointment of a distributer of water in partnership ditches are required to be brought before the court at any time for confirmation. It is apparent that this contempt proceeding was brought before the court, and that the sole basis for the action of the court was the proceeding before and the finding and judgment of the commissioner. The power of the court, therefore, in an independent proceeding is not involved. In this case the authority of the court depended upon the validity of the proceedings before the commissioner. The hearing before the court was in the nature of a review of the commissioner's proceedings and acts. The fact that the court went further in its order than merely to approve those acts and proceedings, and expressly found and adjudged the plaintiff in error guilty and prescribed a penalty, added nothing substantially, since such order was confessedly based upon the commissioner's proceedings and findings. (Haight v. Lucia, 36 Wis., 355; Kuhlman v. Superior Court, 122 Cal., 636; 55 Pac., 589.) The California court, in the case cited, say: "We find the superior court making an order adjudging this petitioner guilty of contempt, and decreeing that he be punished by imprisonment. This judgment and decree of the court in itself declares that it is based upon

the warrant of arrest and order of commitment made by the Coroner. It is evident, therefore, that the petitioner had no trial before the superior court, but was adjudged guilty upon the showing made by the face of the warrant and order of the Coroner." And in Haight v. Lucia, *supra,* where it was held that a Court Commissioner was without power to entertain contempt proceedings, and that the process being void, all the proceedings were *coram non judice,* it was said: "It is not a sufficient answer to this to say that the court authorized and affirmed the acts of the commissioner, or that, by litigating the matter in the Circuit Court, the defendants waived the objection to the jurisdiction of the commissioner. The court cannot confer powers upon a commissioner not given by law; and want of jurisdiction of the subject matter cannot be waived."

It seems to be contended that the office of Court Commissioner is a creature of the constitution, and that its inherent powers as a court cannot be taken away by the Legislature. The constitution requires that the Legislature provide for the appointment of District Court Commissioners with authority to perform such chamber business as shall be prescribed by law, in the absence of the Judge, or in case of his disqualification from acting. (Const., Art. V, Sec. 14.) That office is not constituted a court separate and distinct from the District Court. The commissioner is rather an adjunct or an officer of the District Court. The judicial power of the State is vested in the Supreme Court, District Courts, Justices of the Peace, the Senate sitting as a Court of Impeachment, Courts of Arbitration, and such courts as the Legislature may, by general law, establish for incorporated cities or towns. (Const., Art. V, Sec. 1.) The inherent powers of the District Court are not here involved. (*In re* Barnhouse (Kan.), 58 Pac., 480.) The alleged contempt was not committed in the presence of the commissioner; hence the power that may be possessed by that officer to punish direct contempts is not in controversy. The contempt charged against plaintiff in error was not

technically a contempt of the commissioner, nor would it have been a contempt of the District Judge, had he made the order claimed to have been disobeyed or interfered with. If a contempt at all, it was an offense against the District Court, wherein the petition for the appointment of the water distributer was filed, and the proceedings were pending. (People ex rel. v. County Judge, 27 Cal., 151; Kissel v. Lewis, 27 Ind. App., 302.) This was indeed recognized by the parties by filing the affidavit charging the contempt in the office of the Clerk of Court. The contempt proceeding was pending in court, if anywhere, as well as the summary proceeding out of which it arose, and the statute authorizes the latter or main proceeding to be summarily heard by either the court, the Judge at chambers, or the Court Commissioner. It is nevertheless a court proceeding, and the judgment authorized for the services and expenses of the distributer is required to be entered by the court itself. (R. S., Sec. 912.) ·

The proceedings wherein the order was made that plaintiff in error is accused of having interfered with are purely statutory. They do not invoke the common law or equitable jurisdiction of the court. (R. S., Secs. 908-916.) That statute contains no provision authorizing the punishment as a contempt of any act of interference with the orders made in the proceedings provided for. If any authority exists to enforce the orders made in such statutory proceeding by contempt proceedings, it must be found outside that statute.

Conceding that the court inherently possesses ample authority to enforce obedience to its orders, whether made by the Judge or commissioner, and to protect its officers from contumacious interference, by attaching and punishing the guilty parties as for a contempt, the question arises what authority in that respect was possessed by the Court Commissioner in case an order made by him appointing a distributer of water in a joint ditch in the summary statutory proceedings aforesaid, is disobeyed or interfered with.

The constitutional declaration is that the commissioner shall have authority to perform such chamber business as may be prescribed by law, in the absence of the District Judge, or when he states that it is improper for him to act, and to perform such other duties as may be prescribed by law. (Const., Art. V, Sec. 14.) Referring particularly to the officer's authority as to chamber business, the Legislature has provided that he shall have power, in respect to every suit or proceeding pending in the District Court, to make any order which a District Judge is authorized by law to make in chambers, if such Judge is absent from the county or disqualified from acting. (R. S., Sec. 3334.) He is also expressly empowered to punish persons for contempt committed during hearings had before him. (Id.) And to issue and enforce process for the attendance of witnesses and production of evidence in all lawful hearings before him, in the same manner and with like force and effect as the court might do if in session. (Id.)

It is contended by counsel for plaintiff in error that the Legislature having expressly conferred upon the commissioner power to punish certain contempts, viz: those committed during hearings before him, that power in other cases is necessarily or by implication excluded. On the other hand, it is argued that the power granted to make any order authorized by law to be made by a Judge at chambers embraces the same power that the Judge would have to punish a contempt resulting from an interference with an order or officer of the court.

The argument that the express grant of power as to contempts in a certain class of cases excludes all other cases is not without force; yet we are not prepared to hold that the power as to constructive or indirect contempts is not possessed by the commissioner where the District Judge at chambers is invested by law with such power. It might perhaps be a reasonable assumption that the special grant of power to punish contempts committed in the commissioner's presence was intended as additional to the power

to make chamber orders. But we do not decide that question. After careful consideration we have reached the conclusion that the District Judge would not have been authorized to hear and determine at chambers the particular contempt alleged in the case at bar, even though he had issued the order which it is claimed the plaintiff in error interfered with. That being so, then clearly the commissioner possessed no such authority.

It is to be observed that the commissioner not only caused the issuance of process in the contempt proceeding, but he had the party brought before him, and, upon a hearing, he rendered judgment. Whatever power, if any, a District Judge has to act at chambers upon preliminary matters arising in cases of purely equitable cognizance, in the absence of statutory provision, is not demanding consideration. We think the proposition is well settled, and generally conceded, that a Judge at chambers cannot render a judgment unless expressly authorized by law. (4 Ency. Pl. & Pr., 343; State ex rel. v. Stevens, 40 Kan., 113; 19 Pac., 365; Bank v. Fennell, 55 S. C., 379; 33 S. E., 485.) And a Judge at chambers has no power, without express authority of law, to punish for a contempt not committed in his presence. (4 Ency. Pl. & Pr., 340; 9 Cyc., 31; State ex rel. v. Stevens, *supra;* Taylor v. Moffatt, 2 Blackf., 305; Gates v. McDaniel, 3 Port. (Ala.), 356; State ex rel. McKinnon, 8 Ore., 487; People ex rel. v. Brennan, 45 Barb., 344; Davis v. State ex rel., 50 O. St., 194.)

In order to afford speedy relief to parties, and facilitate the transaction of the business of the courts, quite extensive powers have from time to time been conferred upon District Judges in vacation and at chambers by our statutes. And it is evident that it was deemed necessary for legislative authority to authorize the Judges to so act in these matters. They have been expressly authorized in a few cases to punish as a contempt the disobedience of orders made by them or the court. They are empowered to so punish the violation of an injunction. (R. S., Sec. 4048.) Also,

in supplemental proceedings, after judgment, a person, party or witness disobeying an order of the Judge may be by such Judge punished for contempt. (R. S., Sec. 3949.) And doubtless there are other instances, unnecessary to specify, where the Judge has been expressly invested with such power. There is a rather significant provision respecting the Court Commissioners in contempt matters to be found in the probate code. The commissioner is given certain authority in probate matters; and in respect to certain proceedings therein it is provided that any person refusing to appear and testify in vacation may be attached for contempt and held to bail to answer to the alleged contempt at the next term of court. (R. S., Sec. 4536.)

Now, as already observed, the statute providing the summary remedy for appointment of a water distributer upon joint ditches does not expressly or even by any reasonable inference confer authority upon the Judge to punish for contempt of the orders made in such proceeding. There are, however, certain general statutory provisions authorizing the Judge to act in vacation. (R. S., Secs. 3610, 3611, 3612.) Section 3610 provides that all motions, demurrers, applications and other matters not involving a trial upon the issue of fact in any civil or criminal action or special proceeding, pending in any of the District Courts, may be heard and determined by the Judge of such court in vacation. Section 3611 authorizes the Judge, at his discretion, and by consent of the parties, to try issues of law and fact in vacation or recess of the court; and the judgment thereon rendered is declared to have the same effect as though the issues had been tried in term time. And Section 3612 declares the court open at all times for the transaction of business in the entry of judgments, decrees, orders of course, and such other orders as have been made or granted by the court or Judge, and for the hearing and determination of all matters brought before the court or Judge, *except trial of issues of fact.* And when any cause or matter

has been heard by the court or Judge, the decision may be made out of term, and the order upon such decision may be entered as a court order. (See Anderson v. Matthews, 8 Wyo., 307; Jones v. Bowman, 10 Wyo., 47.) In Anderson v. Matthews the distinction is recognized between such an order and a strictly chambers order.

Although Section 3612 declares the court open at all times for certain purposes, the trial of issues of fact is expressly excepted therefrom; while in the preceding section issues of fact may be tried in vacation only upon consent of the parties, and Section 3610 again excepts from the matters therein permitted to be heard in vacation a trial upon the issue of fact in the pending case. There is no ground for doubting that a hearing and determination of this contempt proceeding involved the trial of an issue of fact. The allegations as to the contempt were denied by the answer of the plaintiff in error, and he also objected therein to the jurisdiction of the commissioner. Testimony was taken upon the issue as to the guilt of plaintiff in error. Guilt was adjudged upon the evidence, and likewise the findings of the commissioner were by the court approved upon the evidence. It is clear, therefore, that the general provisions of the statute above referred to would not have authorized a hearing and determination of the matter by the Judge in chambers.

There is recited in the judgment of the court that the matter came on to be heard before the Judge of the First District, at Cheyenne, by agreement of the parties. The case was pending in Uinta County, in the Third District. The Judge of the First District had been called in to preside over the court in Uinta County in the hearing of these matters. And it is evident that the agreement of the parties had reference to the hearing of the matter as to the approval or disapproval of the commissioner's proceedings, before the Judge instead of the court, and out of the district. There was no consent as to the hearing before the commissioner; and, as stated in an earlier part of this

opinion, the hearing before the Judge, or court, was in the nature of a review of the commissioner's acts.

We are unable, therefore, to find any authority for the acts of the commissioner in hearing and determining the contempt proceeding. Whether he would have been authorized to make an order requiring the plaintiff in error to show cause before the court is unnecessary to consider, since he made no such order.

The judgment will be reversed and the cause remanded with directions to the court to discharge the plaintiff in error.                            *Reversed.*

CORN, C. J., and KNIGHT, J., concur.