## NEW-YORK COMMON PLEAS.

### Stephen Shepherd agt. John E. Dean.

In proceedings supplementary to execution, the power to punish a party, or witness for disobedience of an order of the judge, is given to the *judge*, and not to the court.

Therefore, attachment issued in such cases should be made returnable before the *judge*—not before the court.

*Special Term, Nov.,* 1856.

Motion by defendant to be discharged from arrest, under an attachment issued in proceedings supplementary to execution.

In this case, an order was made by Judge Ingraham for the examination of the defendant respecting his property after the return of an execution unsatisfied.

The defendant appeared at the time and place signified in the order; and, after submitting to a partial examination, an order was made by Judge Woodruff, in the absence of Judge Ingraham, at the request of the parties, adjourning the proceedings to a future day. The defendant having failed to appear on that day, a notice was served upon him, that a motion would be made before one of the judges of the court at chambers, upon a day specified, for an attachment against him, and that he be punished for a contempt, which notice was accompanied with copies of the affidavits and papers previously served upon the defendants; and on the date specified in the notice, Judge Brady, upon proof of the service upon the defendant of the original papers, and of his failure to appear upon the adjourned day, made an order that an attachment issue against the defendant, returnable on the 6th day of March; and that he be held to bail in the sum of $300.

This order, on the papers upon which it was founded, was filed with the clerk of the court, and a writ of attachment was issued by the clerk, directing the sheriff to attach the defendant, and to have his body before one of the judges of this court at

the special term of the court, to be held on the 6th day of March.

Upon the proofs the defendant has now brought before me, and upon the ground that the proceedings are irregular, he asks for his discharge.

   L. S. CHATFIELD, *for motion.*
   I. T. WILLIAMS, *opposed.*

DALY, Judge. The Code provides, that if the party disobey the order of a judge, he may be punished by the judge as for a contempt. The power, therefore, of punishing the disobedience is with the judge who made the order, and not with the court. It was said, in the matter of *Southurst,* (2 *Sand. S. C. R.* 726,) that the Revised Statutes must be referred to as to the mode in which that power is to be exercised; and as the Code does not point out the mode of proceeding, the provisions of the Revised Statutes respecting proceedings for contempt are given to the court, and an attachment therefor is necessarily returnable before the court.

But in this case the power to punish is given to the judge, and not to the court, and the attachment must be returnable before him, as he alone can exercise the power. Under a special act, (*Laws of* 1840, *p.* 222,) a proceeding commenced before any one of the judges of this court may be continued before another judge of this court. But that does not help this case. The process here is returnable before the court, and the court, as such, can order no action in the premises.

The defendant must, therefore, be discharged from custody.