THE PEOPLE, *ex rel.* William Geery and others, *vs.* MAT-
THEW T. BRENNAN, Comptroller of the city of New York.

The Supreme Court can not punish as for a contempt a disobedience of an order
made by a judge out of court, unless such order is made in an action pend-
ing in the court.

A judge out of court has no authority to punish as for a contempt a disobedi-
ence of an order made by him, in a statutory proceeding before him, unless
authority so to punish is expressly conferred by law.

THIS is an appeal from an order made by Justice Barnard
on the 28th day of April, 1865, adjudging the defendant
guilty of contempt, fining him $500, and directing his im-
prisonment until the fine was paid, and until he should can-
cel certain liens imposed upon the property of the relators
by an assessment for the construction of a sewer in Eighty-
sixth street, from the East river to the westerly line of Third
avenue, and in Third avenue, from Eighty-fourth to Eighty-
sixth street, &c. in the city of New York. On or about the
21st day of April, 1862, the relators presented their petition
to Justice Barnard, one of the Justices of this court, pray-
ing the vacation of the above assessment under the act of
1858. On June 19, 1863, Justice Barnard, *without having
taken any proofs of the allegations of the petition,* made an
order vacating the assessment, and *referring* the matter to J.
V. W. Doty, Esq. *to take testimony as to the amount and
extent of the liens upon the lots of the petitioners.* On
April 4, 1863, the referee made his report. On July 30,
1863, Justice Gould made an order confirming the report,
and directing that the liens should be canceled. An appeal
was taken from this order of Justice Gould, which, on
motion of the counsel for the petitioners, was dismissed. On
or about January 8, 1864, the relator applied to the Supreme
Court, for a mandamus commanding the comptroller to
vacate the liens as directed by the orders of Justices Barnard
and Gould. This application was founded upon the same
proceedings upon which the present application for contempt
is founded. On March 29, 1864, a mandamus was granted.

On May 16, 1864, the order granting the mandamus was reversed, and the writ issued thereupon vacated and set aside. On or about December 1, 1864, the relator applied to Justice Clerke for a mandamus to compel Augustus Purdy, clerk of arrears, in the office of the comptroller, to vacate the assessment and cancel the liens in obedience to the orders of Justices Barnard and Gould. That application was denied. The petitioners then instituted these proceedings against the comptroller for contempt, in not obeying the orders which this court, at general term, decided he ought not to obey.

*John E. Develin,* for the appellant.

*J. H. Patten,* for the relator.

*By the Court,* INGRAHAM, P. J. The statute, (*Laws of 1858, ch.* 338,) directs the hearing to be before a Judge of the Supreme Court in special term or in vacation, who shall on due notice proceed to hear the proofs and allegations. "If on such hearing the fraud shall have been committed, the assessment shall be vacated and the lien shall cease."

1. This is a statutory proceeding, to be construed strictly. It does not admit of a reference, and there is no law of this state which allows a judge, in a proceeding out of court, to refer it. The whole law of references applies to matters pending in the court. When the reference was made, it was a nullity, and gave no jurisdiction for subsequent proceedings.

2. The proceeding having been commenced before a judge out of court, could not be transferred by him into court, and all the subsequent proceedings before the special term were unauthorized and void, because the court had never obtained jurisdiction of the matter. The original petition was presented to a judge out of court, and his action was before him as judge and not as a court. The motion to confirm the report of Doty, and the subsequent order of Judge Gould confirming that report, were also nullities granted without

jurisdiction, because no such case was pending in the court. The suggestion that it was a mere irregularity and therefore no answer to the order, is erroneous. If the special term had jurisdiction of the matter, it might have been different, but never having acquired jurisdiction of the matter originally, all the subsequent orders were void for that reason. Whether this proceeding can or can not be continued before another judge than the one who commenced the proceeding, is not material to this question. The 27th section of the Code is broad enough to authorize it. The act of 1858 seems to require the certificate to be signed by the judge before whom the proceedings shall be held. The practice has been to confine the making the certificate to the judge before whom the evidence was taken.

After all this, however, a motion was made at the special term for a mandamus, directing the comptroller to cancel the assessment. This was a regular proceeding. If the defendant had any irregularity to complain of in the original matter, it was his duty to have urged it on that motion, and if decided against him, to appeal from the order directing the mandamus to issue. He did do so, and the order granting the mandamus was reversed. He then applied for a mandamus, to Judge Clerke, and that application was denied. The relator then made his motion to the special term to enforce the order of Judge Gould, of the 31st July, 1863, directing the liens to be canceled, and the special term made the order of commitment referred to.

This leaves the case the same as if no application had been made for a mandamus, and the question here is whether the respondent has any right to disobey the order of the special term directing the lien to be canceled, for want of jurisdiction of the proceeding.

It certainly is a sufficient answer to a motion to commit for contempt, that the court has no jurisdiction of the matter pending, in which the contempt is alleged to have been committed, and on that fact appearing, the motion to commit

The People *v.* Brennan.

should be denied. (4 *Paige*, 444,) This is not so where the court has jurisdiction, but the proceedings have been irregular. The only authority a court has to order a commitment in such a case is for disobedience of a lawful order of the court. If the order was void for want of jurisdiction, the statute does not apply. (2 *R. S.* 538.)

The order now appealed from was made by the special term, and purports to charge as contempts the disobedience of an order made by Justice Barnard at chambers, dated 3d June, 1863, and of an order made by Justice Gould in special term on 30th July, 1863.

It appears to me the court had no right to punish for a contempt in this case. There is no authority for a Judge out of court to punish as for a contempt in an order made by him out of court, unless specially authorized thereto in the act providing for such proceedings, and there is no authority in the court to punish as for a contempt a disobedience of an order made by a judge out of court in a proceeding not pending in the court. Even in the habeas corpus act, no authority to punish for a contempt is given, but the statute provides for issuing an attachment by which the offending party is to be arrested. In supplementary proceedings, such power is given by the Code (§ 202) to the judge, and this power, it has been held, should be exercised by the judge and not the court. (13 *How. Pr. Rep.* 173.)

In *Wicker* v. *Dresser*, (13 *How.* 331,) Clerke, J. held that such a power might be exercised by the court in supplementary proceedings, upon the general power of the court to compel obedience to orders made in actions pending in the court, whether made in court or by a judge out of court. Nothing in that decision, however, affects this case, as that relates only to proceedings taken in actions pending in the court, and in this case, (14 *How.* 465,) the contrary rule was adopted.

These cases, and the views above expressed, do not conflict with the conclusions arrived at in this case, viz: That the

court can not punish as for a contempt a disobedience of an order made by a judge out of court, unless such order is made in an action pending in the court; and that a judge out of court has no authority to punish as for a contempt a disobedience of an order made by him, in a statutory proceeding before him, unless authority so to punish is expressly conferred by law.

If this order is to be considered as an order of the special term, it is wrong, because there was no proceeding pending in the court in which the order could be made. If it is to be treated as an order of a judge out of court, it is equally erroneous, because a judge out of court in this proceeding has no authority to enforce obedience to his orders by this mode.

The order appealed from must be reversed, with costs.

[NEW YORK GENERAL TERM, November 6, 1865. *Ingraham, Leonard* and *Geo. G. Barnard,* Justices.]