PEOPLE ex rel. HAHN et al. v. REPUBLICAN COUNTY COMMITTEE OF NEW YORK COUNTY.

(Supreme Court, Appellate Division, First Department.  February 21, 1908.)

1. MANDAMUS—ALTERNATIVE WRIT.

On application for mandamus to restore to membership in the county committee of a political party relators, claiming to have been duly elected thereto and thereafter expelled therefrom, the validity of their election being absolutely denied, even if the county committee, or the court upon such application, have power to pass upon the validity of the election, a peremptory mandamus should not be granted, but at most an alternative writ may be issued.

2. ELECTIONS—PRIMARY ELECTIONS—CONTESTS.

Under Primary Election Law, Laws 1899, p. 968, c. 473, requiring each party to have a general committee for each county, and regulating the election of members thereof, and providing that those duly elected are entitled to be so recognized, and that the delivery by the custodian of the primary records of a certificate of election shall entitle the person named therein to be admitted to the committee to which he shall have been elected, a member named in such certificate of election is entitled to membership in the committee during the year for which he was elected; the committee possessing no power to review his election.

Appeal from Special Term.

Application for mandamus by the people of the state of New York, on the relation of John J. Hahn and others, against the Republican county committee of the county of New York. From an order granting a peremptory writ of mandamus, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Horace E. Parker, for appellant.
Lemuel E. Quigg, for respondents.

INGRAHAM, J. This was an application upon the petition of the relators for a peremptory writ of mandamus to the Republican county committee, directing it to restore the names of the relators to the roll of membership of the said Republican county committee and to restore the relator Hahn to the executive committee of such county committee. This application was upon a petition which alleged that at the primary election held pursuant to the primary election law (chapter 473, p. 968, of the Laws of 1899) on the 18th day of September, 1906, the relators received a majority of the votes cast in the Thirteenth assembly district of the county of New York for members of the Republican county committee, and were duly elected members of the said committee by the enrolled Republican electors of the Thirteenth assembly district; that on the 22d day of September, 1906, the board of elections of the city of New York, as the custodian of primary records, certified to the Republican organization of the county of New York that the relators were elected members of the said Republican county committee; that on the 22d day of September, 1906, the said Republican county committee, which is the general committee of the Republican party of the county of New York, held its first meeting for the purpose of organization; that on said day the Republican county committee organized and elected its officers, and the rules and regulations of the last preceding county committee remained in full force and effect, pursuant to the said primary election law; that the names of the relators and each of them appeared upon the official roll of said county committee, certified by the board of elections, as the custodian of primary records, as members from the Thirteenth assembly district; that the relators attended the meeting of the said Republican county committee held in the month of October, 1906, as members thereof, and participated in the proceedings and voted upon any and all questions which came before said meeting for determination, and also attended the meetings of the Republican county committee held in the months of November, 1906, and December, 1906, and February and March, 1907; that on the 22d day of April, 1907, the Republican county committee at said meeting adopted a resolution declaring the seats of the relators and each of them vacant, and the relators were thereby expelled from said office as members of the Republican county committee, and their names were stricken from the roll of membership of the said committee; that the expulsion of the relators was illegal and void; that the Republican county committee was wholly without power or authority to declare the seats of the relators vacant, or to

·expel or deprive or debar them from occupying the said office and all the rights and privileges thereto belonging or appertaining.

In answer to this petition there was presented an affidavit of the president of the Republican county committee, which alleged that the relators were not, nor was any of them, at the primary election held on the 18th day of September, 1906, elected members of the Republican county committee of the county of New York for the Thirteenth assembly district, as the relators or either of them did not receive a majority of votes lawfully cast on said date for members of said committee from the Thirteenth assembly district, but, on the contrary, at said election a majority of lawful votes were cast for the election of John J. Farrell and the other persons whose names appeared upon the same ticket as members of the said county committee of said district; that the returns to the board of elections were false and fraudulent, and made upon fraudulent and illegal voting and a fraudulent and illegal canvass of votes of said district; that the relators were not, nor was any of them, at the time of the organization of the Republican county committee, or at any time on or after the 18th day of September, 1906, entitled to the rights and privileges of a member of the said ·county committee; that the said county committee on the 18th day of April, 1907, adopted a resolution declaring that the relators were not entitled to their seats as members of the Republican county committee of the Thirteenth assembly district, and that John J. Farrell ·and others were entitled to be seated as such members; that on the 20th day of September, 1906, a notice was filed with the custodian of ·primary records on behalf of John J. Farrell contesting the right of ·the relator Hahn to a seat as executive member and member of the Republican county committee, a copy of such notice being annexed to ·the affidavit; that at the first meeting of the said county committee, held on the 22d day of September, 1906, such notice of contest was duly brought before it, and a committee on contested seats was appointed by the temporary chairman of the said county committee in ·accordance with the resolution duly and unanimously passed by the said county committee and with the rules and regulations of said committee; that at a regular meeting of the said county committee held on ·the 18th day of April, 1907, the said committee on contested seats, through its chairman, reported to the said county committee that fraud, ·bribery, and intimidation had been carried on, and violations of the law had been committed, in several of the primary districts of the Thirteenth assembly district at said primary election, which compelled the said committee to disregard the returns from the said districts, ·and that the returns from the other districts gave a majority of the votes cast to John J. Farrell and others, whose names appeared on the ticket with him, a copy of the report being annexed to the affidavit; and in that report it was resolved that the relators were not entitled to their seats as executive members of the Republican county committee of the county of New York from the Thirteenth assembly district, and that the contestants, John J. Farrell and others, were entitled to be seated, respectively, as executive members of the Republican county committee of the county of New York from the Thirteenth assembly district. The chairman of the committee on contested seats also

submitted an affidavit, which stated that in several of the election districts of the Thirteenth assembly district there was no compliance with the provisions of the primary election law; that in one district 15 more ballots were in the ballot boxes than there were electors who had voted; that in two other election districts a large number of voters who had enrolled had removed from the district, and that persons were permitted to vote in these districts who were not entitled to vote; and that the committee on contested seats had decided that the returns from these two districts were unworthy of belief and decided to reject the same.

It is quite evident that if the county committee, or if the court upon this application, have power to pass upon the validity of the petitioners' election, or can question the certificate of the bureau of elections, the relators were not entitled to a peremptory mandamus upon motion. The relators' election having been absolutely denied, the utmost that they would be entitled to would be an alternative writ. Upon this appeal, therefore, the only question is whether under the election law the certificate of the bureau of elections as to the election of a member of the county committee is conclusive.

The primary election law controls all elections of delegates or members of political conventions and political committees. Section 1 provides that:

"Except as otherwise herein provided, it [the primary election law] shall be controlling: * * * (2) On primary elections in such cities and villages; * * * (4) on the choice, in such cities and such villages, of the members of political committees and on the conduct of political committees, in and for any political subdivision of the state, made up wholly or partly of members from any such city or village."

And section 2 declares the term "committee" shall apply to any committee chosen in pursuance hereof, or of the rules and regulations of a party, to represent the members of the party in any political subdivision of the state, and the term "general committee" shall apply to the county committees in the various counties of this state in which are located any of the cities or villages to which this act is applicable, and in the city of New York to the county committee, the city committee, if any, and such borough committees as may be established by any party. Section 4 provides for primary elections and to all committeemen who are to be chosen at a primary election and not at a convention. Section 8 relates to the canvass of the votes by the primary inspectors, and provides that all ballots rejected as void and all ballots protested as marked for identification shall be inclosed in a separate sealed package, which shall be indorsed on the outside thereof with the names of the inspectors, and such package shall be filed by the chairman of the board of inspectors with the original statement of the canvass; that immediately upon the completion of the canvass the board of primary inspectors in each primary district shall make a written statement of such result and a duplicate statement; that immediately after the completion of such statements such board shall file the original thereof with the custodian of primary records and shall file the duplicate statement with the clerk of the city

or village. Subdivision 4 of section 8 of the primary law provides that:

"The custodian of primary records shall forthwith proceed to canvass the statements so filed. * * * Such custodian shall thereupon prepare certified statements of the result of the primary elections of each party participating therein and shall make up the rolls of the conventions for which delegates were elected at such primary elections, * * * and shall promptly mail and, if requested, deliver one copy thereof to the respective secretaries of the proper political committees of the several parties participating in such primary election. * * * Such certificate or a duplicate thereof, shall be sufficient to entitle the person named therein to be admitted to the convention or committee to which he shall have been elected."

Section 9 of the act provides that each party shall have a general committee for each county, and all members of general committees, and assembly district and ward committees, chosen in or from cities of the first class, except as otherwise provided, shall be elected at the primary elections on the annual primary day of each year, and that:

"On the day fixed by the rules and regulations, constitutions or by-laws of the party, the members of each general county committee or city committee shall meet and organize. They may proceed to make and adopt rules and regulations, but unless so adopted, the rules and regulations adopted by the last preceding county or city committee of said party in said county or city shall remain in full force and effect until repealed or amended in accordance with the provisions of this act. * * * Each county or city committee and the officers thereof shall have all the power and authority and shall perform all the duties, in respect to the nominations of officers to serve at general elections, conferred upon the general committee, the county committee, or the officers thereof, given to any party in such city or county by section 12 of the election law."

By section 11 of the act jurisdiction is given to the courts to review by the remedy of mandamus or certiorari, as the case may require, any action or neglect of the officers or members of a political convention or committee, or of any inspector of primary election, or of any public officer or board, with regard to the right of any person to participate in a primary election. In addition, the Supreme Court is given summary jurisdiction upon the complaint of any citizen to review such action or neglect. Under this section any one interested can have the act of any inspector of election or other board or officer, as to an election or the issuing of a certificate by the board of elections, reviewed either before or after the issuing of the certificate of election.

From this abstract of the provisions of the law it is apparent that the election of members of a political committee, as well as delegates to a political convention, is regulated by it, and those elected to membership in a political committee, or as delegates to a convention, are entitled to be so recognized when elected pursuant to its provisions. Section 10 expressly provides that such convention shall decide all questions as to contested seats therein, but no such right is reserved for a committee. By the express provision of the statute the delivery to a member of the committee by the custodian of the primary records of a certificate of his election "entitled the person named therein to be admitted to the committee or convention to which he should have been elected." Being entitled to membership in the committee,

with no power in the committee to review his election, it seems to follow that the committee had no power to eject him, and that the court below was right in holding that he was entitled to membership in the committee during the year for which he was elected. This is entirely in line with the decision in People ex rel. Coffey v. Democratic General Committee, 164 N. Y. 335, 58 N. E. 124, 51 L. R. A. 674. In that case, in speaking of the result of this primary election law, it was said:

"In other words, it was determined that the majority of the primary voters were entitled to select any representative they may desire, and he should be responsible to those electing him, and only to them, for his conduct in office."

It follows, therefore, that the order appealed from must be affirmed, with costs. All concur.