### SCHIEFFELIN v. BRITT et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

ELECTIONS (§ 126*)—PRIMARY ELECTIONS—BALLOTS—"CONFLICT IN EMBLEMS."

    There is no "conflict in emblems" at a primary election, within Election Law (Laws 1911, c. 891) § 57, so as to authorize determination thereof by an election officer, and summary review by the Supreme Court, where a political "party" is merely using on its primary ballots the emblem of an "independent body," which by its definition (Consol. Laws 1909, c. 17, § 2, as amended by Laws 1911, c. 649) nominates by petition only, and so takes no part in primary elections.

    [Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. § 126.*]

Appeal from Special Term, New York County.

Petition by William Jay Schieffelin against J. Gabriel Britt and others, constituting the Board of Elections of the City of New York, and others, constituting a committee, etc. From an order denying the application of petitioner to restrain preparation of ballots for use at the primary election of March 26, 1912, with the emblem of the Citizens' Union thereon, petitioner appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Albert S. Baird, of New York City, for appellant.
Terence Farley, of New York City, for respondents.

MILLER, J. On the 9th of March, 1912, certain members of the Republican party filed with the board of elections petitions, nominating candidates to be voted for at the primary election, and selected as the emblem to distinguish the candidates, designated by such petitions, a representation of the Statue of Liberty. The petitioner is the chairman and chief executive officer of the Citizens' Union, a membership corporation, which for several years has participated in municipal elections in the city of New York, and has used as its political emblem the symbol or emblem selected as aforesaid.

The question has become academic, but it is likely to recur, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

should therefore be decided. The terms "party" and "independent body," as used in the Election Law, are defined by section 2, as amended by chapter 649 of the Laws of 1911. The Citizens' Union is an "independent body." The provisions added by chapter 891 of the Laws of 1911, governing primary elections, relate exclusively to party nominations and elections to party positions, as, in the nature of the case, "independent bodies," which nominate candidates only by petition, take no part in the primary elections. Section 57 provides that the party emblem shall be used to designate the candidates selected by the committees of the party, and that contestants may select the emblem to designate their candidates by a representation thereof upon their petition, and that:

"An emblem chosen as aforesaid" (i. e., by petition) "may be any appropriate symbol, other than the coat of arms, or seal of the state of the United States, or the state or national flags, or any religious emblem or symbol, or the portrait of any person or the representation of a coin or of the currency of the United States, or the party emblem of any party. Conflicts in emblems shall be determined, and omitted emblems supplied, in the manner, so far as practicable, provided for by sections 125 and 126 of this chapter, in respect to emblems to be placed upon the official ballot."

The enumeration of party emblems excludes, by the familiar rules of construction, those of independent bodies. No conflicts can arise at a primary between parties and independent bodies, and the provision for determining conflicts in the use of emblems at primaries quite obviously refers to conflicts arising from the attempted use of the same emblem by two or more parties or the divisions thereof taking part in a primary election.

The court possesses, and should attempt to exercise, only such power to interfere with the conduct of primary elections as is conferred by statute. Reference to sections 125 and 126, relating to conflicts in names and emblems at elections, emphasizes the point that the conflicts which are to be determined in the first instance by the officer with whom the certificates are filed and whose decisions the "Supreme Court, or any justice thereof within the judicial district, or any county judge within his county," is given summary jurisdiction to review, are conflicts arising from the attempted use of the same names or emblems by two or more political parties or independent bodies, which have filed certificates or petitions nominating candidates to be voted for at the same election.

The appellant relies upon the provision of section 125 to the effect that the officer required to decide a conflict in names or emblems shall be governed "so far as may be in his decision by priority of designation in the case of the device or emblems, and of use in the case of the party name," and argues that a party or independent body first using a given emblem thereby acquires a proprietary interest therein. But the complete answer to that suggestion is that but one party or a single division thereof attempted to use the emblem at the primary, and hence there was no conflict, and no question arising thereon which the election board had the power to determine in the first instance, or which the Supreme Court was given jurisdiction to determine by a summary review.

The appellant undertakes to assimilate the rules governing this summary statutory proceeding to those applicable to an equity suit to enjoin unfair competition or the simulation of trade-marks and trade-names. But the assimilation, if justified, must go further and take in the remedy. We do not mean to suggest that the appellant, or the Citizens' Union, could have maintained a suit in equity to enjoin the use of its emblem at a party primary in which it could take no part, and hold only that in this summary proceeding the court has only such jurisdiction as is conferred upon it by statute.

The order should be affirmed, with $10 costs and disbursements. All concur.