(77 Misc. Rep. 677.)

### In re O'BRIEN et al.

(Supreme Court, Albany County, at Chambers.   October 18, 1912.)

ELECTIONS (§ 141*)—NOMINATION BY CERTIFICATE.

Where a sufficient number of the electors of an organization called a political "party," but not such within Election Law (Laws 1899, c. 473) § 2, sought, by means of a certificate under the statute providing for independent nominations, to nominate for Justice of the Supreme Court a person whose name should appear under the party emblem as the nominee of such "party," and the so-called party nominated no other candidate for that office, such nomination was valid, notwithstanding it was made without the consent or approval of the chairman of the state committee of an incorporated body, which with the political "party" formed a single organization, or of some of the individual members prominent in the management of such organization.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 121; Dec. Dig. § 141.*]

Proceedings by S. O'Brien and others, under Election Law, § 125, to determine the validity of a certificate filed under sections 122, 123, with the Secretary of State on October 11, 1912, nominating Gilbert D. B. Hasbrouck for the office of Justice of the Supreme Court in the Third judicial district. Prayer of petitioners denied. Affirmed.

For opinion of Appellate Division, see 137 N. Y. Supp. 718.

William M. Chadbourne, of New York City, for petitioners.

A. T. Clearwater, of Kingston, and Geo. B. Wellington, of Troy, for Gilbert D. B. Hasbrouck.

Augustus H. Van Buren, of Kingston, and Neile F. Towner, of Albany, for John J. Linson.

Thomas Carmody, Atty. Gen., for Secretary of State.

CHESTER, J.   The validity of the certificate in question is attacked by the National Progressive Party and by the chairman of the state committee of the National Progressive Party, Incorporated, and by several individual electors of that party. It appears that the "National Progressive Party, Incorporated," is an incorporated body within, or an adjunct of, the National Progressive Party, and that both together form for partisan purposes but a single organization. It is conceded, however, that such organization, although called a "party," is not one within the meaning of that term as defined in Election Law (Laws 1899, c. 473) § 2.

It is unnecessary to review at length the evidence taken before me on the hearing. A few facts only need be mentioned. It appears that there was a considerable controversy among the members of what was known as the "Provisional Judicial Committee" of the Na-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tional Progressive Party for the Third judicial district as to the propriety of nominating any candidate for Justice of the Supreme Court in that district, and that some of them desired to nominate Mr. Hasbrouck and others did not; that it was understood among them that the chairman of the state committee opposed such nomination, but notwithstanding such opposition some of the members insisted that it was wise, and that efforts should be made to that end. It appears that the candidate of that party for member of Congress in the Twenty-Seventh congressional district, who resided in Schoharie county, thought that the nomination of a candidate for Justice of the Supreme Court who resided in his congressional district would be of material aid to his candidacy, and that he requested the member of such provisional judicial committee resident in his county to take the initiative in the matter. Such member did communicate with various other members of the committee, some of whom gave their approval, and others of whom refused to co-operate. The member invited an interview with Mr. Hasbrouck, and procured his consent to the nomination, and this member then procured the necessary blanks, and with the aid of others affiliated with him procured the signatures and affidavits of between 900 and 1,000 electors of the district upon the certificate in question, and filed it within the time required by law in the office of the Secretary of State. No other nomination has been made by that party in any way for that office, and every elector who has signed such certificate has sworn that it was his intention to support at the polls the candidacy of the person nominated therein. It appears that Mr. Hasbrouck has been nominated by this certificate under the same emblem and by the use of the same forms as have been used in the nomination of other candidates for the same party for other offices to be voted for at the ensuing election, including candidates for Senators, members of Congress and state officers.

The only question presented here for determination is as to whether the electors of this organization, after the failure of its party authorities to make or to procure to be made a nomination for Justice of the Supreme Court in the district, can make one under the provisions of law for independent nominations, without the consent and approval of the chairman of the state committee of the National Progressive Party, Incorporated, and some of the individual members thereof who have been prominent in its management, when no other candidate has been nominated for that office by any means or in any other way. In attacking the certificate, the petitioners have cited several authorities where questions of conflicting claims to the use of an emblem or a party name have arisen; but they have no bearing upon the present controversy, because, unlike those, this is not a case where there is "a division within a party, and two or more factions claim the same, or substantially the same device or name." In fact, no case has been called to my attention where any court has passed upon the question here presented, so that the statute must be looked to as the only authority governing the situation. The Election Law provides for independent certificates of nomination, and, without quoting the provisions of law in that respect, it is enough to say that

137 N.Y.S.—64

it appears that their forms and requirements have been complied with in all respects in the present case. It is conceded that the certificate in question has been signed by several hundred more names than is required by law to make it effective, as the statute has been construed in the case of People ex rel. Hotchkiss v. Smith et al., 99 N. E. 568, recently decided by the Court of Appeals, and not yet officially reported.

No attack has been made upon the genuineness of any signature among all those contained upon the certificate, except in a single instance. When a petitioner attacks the validity of a petition making an independent nomination for office, the court or justice can exercise only such power as is conferred by statute. Schieffelin v. Britt, 150 App. Div. 568, 135 N. Y. Supp. 62. I find nothing in the statute to justify a determination that a certificate is invalid when, as here, it has been signed by the requisite number of electors of the independent body, and when all the forms required by law in respect to such certificates have been complied with, and the certificate has been filed in the proper office within the time required by law. If the duly constituted party authorities of the organization in question had, in pursuance of law, nominated a candidate for the office in question, so that conflicting claims were made with respect to the right to use the emblem and the right to have the name upon the ticket, the rules of the organization with respect thereto would be entitled to weight, and quite a different question would have been presented for determination. Nothing appears here that would justify me under the law in declaring the certificate invalid, and thus deny to the electors of the so-called Progressive Party, who have joined in the certificate in question, the opportunity of voting for the candidate of their choice upon the ticket and under the emblem of their party, after they have fully complied with the provisions of the statute with respect to independent nominations.

For these reasons, briefly stated, the prayer of the petitioners should be denied.