(160 App. Div. 369)

### In re HOLLE et al.

### In re TAMMANY et al.

(Supreme Court, Appellate Division, Third Department. January 21, 1914.)

1. INJUNCTION (§ 219*)—VIOLATION—DISOBEDIENCE OF INVALID ORDER.

A justice of the Supreme Court had no authority to punish as for criminal contempt a violation of an injunction order which he had no authority to grant.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 439–441; Dec. Dig. § 219.*]

2. ELECTIONS (§ 126*)—PRIMARY ELECTIONS—JUDICIAL REVIEW—POWERS OF COURT OR JUSTICE.

In a proceeding to review the action of the inspectors of a primary election in declaring certain parties elected members of a party committee, a justice of the Supreme Court had no power to enjoin such parties from participating in or voting at a meeting of such committee pending a decision in such proceeding, since such proceeding was not an action within Code Civ. Proc. § 602 et seq., authorizing temporary injunctions in actions; there is no provision of the election law or any other statute expressly authorizing such order, and it was not a mere restraining order necessary to prevent such decision as might eventually be made from being rendered ineffective, and therefore within the inherent authority of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the justice, and hence he could not punish as for a criminal contempt a violation thereof.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. § 126.*]

3. ELECTIONS (§ 126*)—PRIMARY ELECTIONS—JUDICIAL REVIEW—EXTENT.

The courts possess and should attempt to exercise only such power to interfere with the conduct of primary elections as is conferred by statute.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. § 126.*]

4. CONTEMPT (§ 20*)—DISOBEDIENCE TO MANDATE—STATUTORY PROVISION.

Under Judiciary Law (Consol. Laws, c. 30) § 750, subd. 3, providing that a court of record has power to punish for criminal contempt a person guilty of willful disobedience to "its" lawful mandate, the mandate specified is the mandate of the court and not of a justice thereof, especially in view of Code Civ. Proc. § 606, providing that an injunction order granted in an action by a judge may be enforced as the order of the court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62; Dec. Dig. § 20.*]

Howard, J., dissenting.

Appeal from Special Term, Albany County.

Proceeding on the application of Charles J. Holle and others for a judicial review of the primary election of the Democratic party in the Fifteenth Ward in the City of Albany, N. Y. From an order adjudging them guilty of criminal contempt of court and punishing them therefor, John Tammany and others appeal. Reversed, and motion to punish for contempt denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John J. McCall, of Albany (P. C. Dugan, of Albany, of counsel), for appellants.

Dugan & Bookstein, of Albany (Daniel J. Dugan, of Albany, of counsel), for respondents.

LYON, J. The order, for the violation of which the appellants were adjudged guilty of criminal contempt, was granted by a justice of this court at chambers, enjoining the appellants from participating in or voting at a meeting of the Democratic county committee of Albany county appointed to be held September 26, 1913. The proceeding in which it was granted was instituted by the petition of the respondents, under section 56 of the Election Law (Consol. Laws, c. 17 [Laws of 1909, c. 22], as amended by chapter 891, Laws of 1911), to obtain a judicial review of the action of the inspectors of the primary election held September 16th in declaring the appellants elected members of the Democratic county committee from the Fifteenth ward of the city of Albany, over the respondents. No fraud was charged, but the respondents claimed that the inspectors of election erroneously counted one protested ballot, and rejected two ballots as void, which resulted in a declaration of the election of the appellants. On September 20th, upon the presentation of the petition to obtain such review, a justice of this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court granted an order returnable before him at his chambers on September 27th, which was the day following the expiration of the ten days within which the county committee might meet and organize, requiring the appellants and others to appear and show cause why the primary election should not be reviewed and corrected, and a recanvass of the votes had, and restraining the commissioners of elections in and for the county of Albany from delivering to any person any certificate of election to the party position of member of the Democratic county committee from said ward. On September 23d, said justice modified said order of September 20th by revoking the provision thereof restraining the delivery of such certificates of election. Thereupon such certificates of election were issued to the appellants. On September 26th said justice, upon the application of the respondents, granted ex parte an order enjoining and restraining the appellants from participating in or voting at the meeting of the Democratic county committee appointed to be held that evening for the purpose of effecting the organization of the committee. It is for the violation of this order, which was served upon the appellants at the time and place of the meeting, that the order appealed from punishing the appellants for criminal contempt was granted.

[1-3] The contempt of which the appellants seem to have been found guilty was of "resistance willfully offered to its lawful mandate," being subdivision 4 of section 750 of the Judiciary Law (Consol. Laws, c. 30 [Laws of 1909, c. 35]), formerly subdivision 4 of section 8 of the Code of Civil Procedure. While the efficient administration of justice requires that the courts zealously protect and enforce process properly issued, it must be conceded, I think, that, if the justice had no authority to grant the order of September 26th, he had no authority to punish the appellants for criminal contempt, as the power to punish the violation of an injunction as a contempt is incident to the power to grant the order. People ex rel. Lower v. Donovan, 135 N. Y. 76, 31 N. E. 1009; People ex rel. Eckerson v. Trustees, 151 N. Y. 75, 84, 45 N. E. 384. Concededly this proceeding is not an action. Hence the provisions of the Code of Civil Procedure (sections 602–606) are not applicable, as injunctions under the Code are authorized only in actions. They cannot issue in a special proceeding save in the few cases authorized by statute. Matter of Deitz, 138 App. Div. 283, 122 N. Y. Supp. 1063; Brockway v. Miller, 144 App. Div. 239, 128 N. Y. Supp. 1079; Matter of Greene, 153 App. Div. 8, 138 N. Y. Supp. 95. Authority, therefore, for granting the injunction must be found, if at all, in some statutory provision; otherwise it cannot be said to exist.

It was said in People ex rel. Geary v. Brennan, 45 Barb. 344, that a judge out of court has no authority to punish as for a contempt a disobedience of an order made by him in a statutory proceeding before him, unless authority so to punish is expressly conferred by law. The court possesses and should attempt to exercise only such power to interfere with the conduct of primary elections as is conferred by statute. Schieffelin v. Britt, 150 App. Div. 568, 135 N. Y. Supp. 62; Bachman v. Harrington, 184 N. Y. 458, 77 N. E. 657. No provision for granting the order of injunction is to be found in the Election Law,

nor in any other statute to which we have been referred, or of which we have knowledge, and hence must be assumed not to exist. However, the respondents seek to make the distinction that the order in question is not an order of injunction, but a mere restraining order, which it is claimed the justice had inherent authority under the general power of a judge to grant, in order to prevent being rendered ineffective, such decision as he might eventually make. The purpose of the proceeding was to obtain a judicial review of the action of the inspectors of the primary election, and nothing the appellants could do could render ineffective the final determination of the justice as to whether the appellants or respondents had been elected county committeemen. All the appellants could do was as sitting members of the county committee to exercise the duties of the office, for which they held duly issued certificates of election, until the justice should decide that their opponents were the duly elected committeemen, if indeed such should be his decision. This order was more than a mere restraining order granted in the exercise of claimed inherent general powers of the justice in the proceeding, as suggested by the respondents. It was an order of injunction which the justice had no authority to issue. Having been issued without jurisdiction, the order was void, and the justice had no authority to punish its violation as a criminal contempt. Bachman v. Harrington (supra).

[4] Furthermore, section 750 of the Judiciary Law, which is entitled, "Powers of courts of record to punish for criminal contempts," provides:

"A court of record has power to punish for a criminal contempt, a person guilty of either of the following acts and no others: * * * (3) Willful disobedience to its lawful mandate."

Unquestionably, also, the court has power to punish for criminal contempt where express authority therefor is given by statute. People ex rel. Drake v. Andrews, 197 N. Y. 53, 58, 90 N. E. 347, 18 Ann. Cas. 317. The order granted by the justice was a mandate. Code Civ. Proc. § 3343, subd. 2. However, the mandate specified in section 750 is its mandate, that is, the mandate of the court, not of a justice thereof. Such appears to have been the holding of the court in the People ex rel. Society v. Gilmore, 26 Hun, 1 (appeal dismissed 88 N. Y. 626, approved Sherwin v. People, 100 N. Y. 351, 3 N. E. 465). Also, such construction seems to be recognized by the clause in section 606 of the Code of Civil Procedure providing that an injunction order granted in an action by a judge may be enforced as the order of the court, which would seem to be unnecessary in case section 750 of the Judiciary Law was intended to apply to an order issued by a judge.

The order appealed from must be reversed, and motion to punish for contempt denied.

Order reversed, with costs, and motion denied, with $10 costs.

SMITH, P. J., and WOODWARD, J., concur. KELLOGG, J., concurs in result. HOWARD, J., dissents.