(90 Misc. Rep. 445)

# In re GANLEY.

(Supreme Court, Special Term, Washington County. May, 1915.)

1. ELECTIONS ⟶121—COUNTY COMMITTEES—REMOVAL OF CHAIRMAN—REVIEW BY COURT.

    At a meeting of the Democratic county committee of Washington county, or of some members thereof, held after a proper certificate of petitioner's election at a former meeting as chairman of such committee had been filed with the county board of elections and the secretary of state, a resolution purporting to remove petitioner from the chairmanship was adopted, and thereafter another was chosen as chairman, and a certificate of his election was duly filed. Petitioner made application to review the proceedings of the county committee. *Held*, that the case was not within Election Law (Consol. Laws, c. 17), § 56, providing for summary proceedings before a court or a judge, and that hence the court was without jurisdiction.

    [Ed. Note.—For other cases, see Elections, Cent. Dig. § 115; Dec. Dig. ⟶121.]

2. CONSTITUTIONAL LAW ⟶68—POWERS OF GOVERNMENT—POLITICAL MATTERS.

    The jurisdiction of a court of equity can be invoked only in matters of property and the maintenance of civil rights, and not in matters of a political nature.

    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 125–127; Dec. Dig. ⟶68.]

In the matter of the application of Francis L. Ganley to review the proceedings of an alleged meeting of the Democratic county committee of Washington county, held at Hudson Falls, N. Y., April 10, 1915. Decision according to opinion.

Parsons & McClung, for petitioner.

J. Edward Singleton, of Glens Falls, and Thomas A. Sherman, of Hudson Falls, for respondents.

VAN KIRK, J. The petitioner was duly elected chairman of the Democratic county committee of Washington county October 9, 1914, and a proper certificate was filed with the board of elections of Washington county and with the secretary of state. At a meeting of the said Democratic county committee, or of some members thereof, on April 10, 1915, a resolution was adopted purporting to remove the petitioner from his office as chairman, and thereafter Edward F. Roche, of Whitehall, N. Y., was chosen chairman of said Democratic county committee, and a certificate or notice of the election of the said Edward F. Roche was filed with the board of elections of Washington county and with the secretary of state.

The petition prays for an order declaring the proceedings of the Democratic county committee on April 10, 1915, to be illegal and void, and further declaring that the petitioner, Francis L. Ganley, is the duly elected chairman of the Democratic county committee, and that his term of office does not expire for one year from October 9, 1914; also directing that the certificate filed with the secretary of state April 13, 1915, and with the board of elections of Washington county April 12,

---

⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1915, be canceled and stricken from the files; that the certificate filed by petitioner be declared in full force and effect; also restraining Edward F. Roche from acting as chairman of the county committee. This proceeding was instituted under section 56 of the Election Law, which provides for a summary proceeding before the court or a judge.

[1, 2] The respondents take the objection that the court has no jurisdiction to hear and determine the matter. An equity court has no jurisdiction in matters of a political nature. It may be invoked only in matters of property and the maintenance of civil rights. Schieffelin v. Komfort, 212 N. Y. 531, 106 N. E. 675; Green v. Mills, 69 Fed. 852, 16 C. C. A. 516, 30 L. R. A. 90; Matter of Hines, 141 App. Div. 569, 126 N. Y. Supp. 386. "Parties aggrieved [in matters of a political nature] are required to assert their rights in proceedings provided by statute or in actions at law." Schieffelin v. Komfort, 212 N. Y. 535, 106 N. E. 675. Unless the statute authorizes this proceeding, the petitioner may not maintain it. Formerly political parties were voluntary organizations, unrecognized by statute, with whose management and control the court would not interfere. McKane v. Adams, 123 N. Y. 609, 25 N. E. 1057, 20 Am. St. Rep. 785. Now they are recognized, but to a limited extent, by statute, and the courts will recognize political committees as possessed of some statutory rights and under some statutory duties. People ex rel. Coffey v. Democratic Com., 164 N. Y. 336, 58 N. E. 124, 51 L. R. A. 674; People ex rel. Hahn v. Rep. Co. Com., 124 App. Div. 427, 108 N. Y. Supp. 1051; People v. Kings Co. Rep. Gen. Com., 63 App. Div. 438, 71 N. Y. Supp. 528. But a political party and its committee should be left in a position of a voluntary organization, except so far as the statute has in plain and clear language directed otherwise. The evils that must result from an attempt by the courts to manage the detail of party affairs would be much greater than those which result from leaving such matters to the control of the party authorities; and the courts will not attempt to enlarge the scope of the statute by inferring an intent to interfere with party management beyond the plain wording of the statute. If the Legislature has failed, intentionally or by inadvertence, to provide for a case like this, it is not for the court to supply the omission. Matter of Tamney v. Atkins, 209 N. Y. 207, 102 N. E. 567; Matter of Hearst v. Woelper, 183 N. Y. 281, 76 N. E. 28; Schieffelin v. Komfort, 212 N. Y. 535, 106 N. E. 675; Matter of Holle, 160 App. Div. 369, 145 N. Y. Supp. 388.

Section 56 of the Election Law contains the following:

"Any action or neglect of the officers or members of a political convention or committee, or of any inspector of primary election, or of any public officer or board, with regard to the right of any person to participate in a primary election, convention or committee, or to enroll with any party, or with regard to any right given to or duty prescribed for, any voter, political committee, political convention, officer or board, *by this article,* shall be reviewable by summary proceedings upon the petition of any person aggrieved thereby, or upon a petition presented by the chairman of any political committee, which summary proceedings may be instituted before the Supreme Court or a justice thereof within the judicial district where the transaction, act or neglect of duty took place. Such proceedings shall be heard upon such notice as the court or justice thereof shall direct. In reviewing such action or neglect, the

court, justice or judge shall consider, but need not be controlled by, any ac-
tion or determination of the regularly constituted party authorities upon the
questions arising in reference thereto, and shall make such decision and order
as, under all the facts and circumstances of the case, justice may require."

This case does not come within this section. No disregard of any of the provisions of article 4 of the Election Law, of which section 56 is a part, is disclosed. There has been no action or neglect of any officer or member of the committee with regard to the right of the petitioner to participate in the committee, or with regard to any right given or duty prescribed by article 4. There is no complaint here of any action or neglect with regard to the right of the petitioner to participate in the committee. The petitioner has been removed from the chairmanship, but he is still a member of the committee, with full rights as such. Article 4, which includes sections 45 to 58, deals with "party nominations and designations"; article 3, which includes sections 35 to 43, deals with "party organization." The Legislature had good reason for providing a summary proceeding to settle matters affecting the presentation of candidates for public office to the voters, while leaving party organization and management to party control. All voters are interested in the candidates and in the ballot, and speedy action is required to perfect the ballot before the election. I do not think it a narrow construction to hold section 56 means what it says and no more. If the Legislature took a narrow view, the court is not to broaden its act.

The provisions of the statute referring to political committees are in article 3. It is not necessary to determine whether the court has the right in some proper proceeding to enforce obedience to a provision of article 3, at the request of one who claims to be aggrieved, because no provision of said article is disregarded. The only provision claimed to have been disregarded is section 40, which permits each committee to make rules, which shall continue to be the rules until amended or new rules adopted. The committee is not required to make rules; it may act without formal rules and the court would not interfere; nor should it interfere if the self-made rules, which may cover any subject and every detail, are not followed in full. Such rules have not the force of a statute and should not be so considered, and the Legislature has not provided for their enforcement.

The petitioner has not suffered in any civil, personal, or property right. He has been deprived of the chairmanship of the county committee, a quasi public office, and in consequence of some influence in party affairs which usually attends the position. The court should not assume the burden of making good such loss. I believe it has no jurisdiction to that end.

Ordered accordingly.