(85 Misc. Rep. 151.)

PEOPLE ex rel. CONNELLY v. ZEEH.

(Supreme Court, Special Term, Albany County.   April, 1914.)

1. OFFICERS (§ 82*)—RESTRAINING EXERCISE OF FUNCTIONS OF PUBLIC OFFICE.
   Where two persons have assumed to enter into possession of a public office, and each is exercising, or assuming to exercise, the duties thereof, the court in its discretion may, under Code Civ. Proc. § 603, authorizing an injunction during the continuance of a proceeding, enjoin one from exercising the functions of the office pending the trial of an action brought by leave of the Attorney General to try the title of the other person to the office.
   [Ed. Note.—For other cases, see Officers, Cent. Dig. § 114; Dec. Dig. § 82.*]

2. OFFICERS (§ 82*)—RESTRAINING EXERCISE OF FUNCTIONS OF PUBLIC OFFICE.
   Where an injunction, restraining one of two claimants to a public office from exercising the functions thereof pending the trial of an action to try the title of the other person thereto, is based on an assertion, supported by the trial judge, that the relator is rightfully entitled to the office and that the defendant is unlawfully attempting to intrude into it, a motion to vacate the injunction will be denied.
   [Ed. Note.—For other cases, see Officers, Cent. Dig. § 114; Dec. Dig. § 82.*]

3. MUNICIPAL CORPORATIONS (§ 129*)—COUNCIL—SELECTION OF PRESIDING OFFICER.
   Where the Legislature has provided in a city charter a method for selecting a presiding officer of the common council, such method must be followed to the exclusion of every other method.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 303, 306; Dec. Dig. § 129.*]

Action by the People, on the relation of William H. Connelly, against Peter P. Zeeh.  Motion to vacate temporary injunction.  Denied.

Palmer Canfield, Jr., of Kingston, for relator.
Roscoe Irwin, of Kingston, for defendant.

CHESTER, J.   The action is in the nature of a quo warranto, instituted by leave of the Attorney General to try the title to the position of presiding officer of the common council of Kingston.   There are

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

13 wards in the city, and one alderman is chosen from each ward, who constitute the common council of the city. Aldermen were elected at the general election held in November, 1913.

The charter of the city (Laws of 1896, c. 747) provides, in section 8, as amended by chapter 411, Laws of 1906, as follows:

"Sec. 8. All city officers elected under this act shall enter upon their respective offices the first day of January following the election, at noon of said day. And the common council shall then organize and elect a presiding officer. If January first shall fall on Sunday then such organization shall be effected the following Monday at noon. In case the common council shall fail to elect a presiding officer on or before the second Friday of January in any year, that then and in that case the mayor may at any time thereafter appoint any member of said common council as such presiding officer, who shall serve as such presiding officer until the following first day of January at noon."

The relator and the defendant are each aldermen of the city and members of the common council. That body met on the 1st day of January, 1914, at noon and took many ballots for the election of a presiding officer, but none was elected.

Under the rules of the common council regular meetings are held on the first and third Fridays of each month at 7:30 p. m. Pursuant to such rule, a regular meeting of the council was held on January 2, 1914, being the first Friday of that month, and again many ballots were taken for the election of a presiding officer, but none was elected. The council then adjourned without fixing a time for any other meeting.

The charter in section 115 provides in respect to stated and special meetings of the common council, as follows:

"Sec. 115. The common council shall hold stated meetings, at least twice in each month, and the mayor, or in his absence, five aldermen, may call special meetings, by notice in writing served personally on the members of the common council or left at their usual places of residence."

On January 5, 1914, seven aldermen signed a call for a special meeting of the common council to be held January 7, 1914, for the purpose of electing a presiding officer of the common council, which notice was served on each of the 13 aldermen and on the last-named day the seven aldermen who had signed such call attended a meeting and designated the defendant Zeeh as presiding officer of the common council. The mayor was not absent from the city at any time between the 1st and the 14th days of January, and he refused to sign the call for a special meeting. On January 16, 1914, the mayor, in a paper in which it was recited that the common council had failed to elect a presiding officer on or before the second Friday of January, 1914, for that year, appointed the relator, William H. Connelly, who was the alderman of the Eleventh ward, as the presiding officer of the common council to serve as such until January 1, 1915. The relator and the defendant each claims to be the duly selected presiding officer of the common council, and each has assumed to enter into possession of such office. At the regular meetings of the common council held since and prior to the granting of the temporary injunction, each has ascended the rostrum to preside, and each has endeavored and assumed to preside at such meetings. Each of them has assumed to appoint the standing and special committees of the common council for the ensuing year.

[1] This being the situation, the relator herein, on an ex parte application, obtained from a justice of the court an injunction order restraining the defendant from acting or attempting to act as such presiding officer until the further order of the court. The defendant now moves on notice to the relator to vacate and set aside such injunction order.

The defendant insists that, even if his selection as presiding officer is void, an injunction to restrain him is improper, as he is actually in the office, and therefore should not be forbidden to perform its duties. The rule undoubtedly is that an injunction should not ordinarily be granted restraining a defendant generally from exercising the functions of an office upon which he has entered, during the pendency of an action brought by the Attorney General in the name of the people to try his title to the office. People ex rel. Wood v. Draper, 24 Barb. 265. The decision in that case, however, was put upon the ground that the public welfare required that the duties of a public office be performed by the de facto incumbent, whether he was in the office rightfully or not, for, he being in the office, even if wrongfully, no one else can enter until he is removed, and therefore he should be permitted to act, for no one else can.

Here, however, a case is presented where two persons have assumed to enter into possession of an office, and each is exercising or assuming to exercise the duties of the position. In that respect at least the case is unusual, and if one of them is restrained, there will be no interruption of the public business, for the other will perform the functions of the office.

I think, therefore, that an exceptional case is presented where the court may, with propriety, exercise its discretion to grant an injunction, and that it has the power to do so under section 603 of the Code of Civil Procedure.

[2, 3] The injunction against the defendant which has been granted is based upon the assertion, which has been supported by the learned justice who granted it, that the relator is rightfully entitled to the office, and that the defendant is unlawfully attempting to intrude into it. An examination of the facts and the law applicable thereto convinces me that the injunction ought not to be vacated. The common council failed to elect a presiding officer within the time limited by the charter for it to do so. Charter, § 8. The mayor, therefore, had the power, and it was his duty under the same section, to appoint a member of the common council to the position to serve until the following 1st day of January. In exercising this power and performing this duty he properly appointed the relator. The title of the defendant to the office depends upon the validity of the call for the special meeting signed by the seven aldermen who joined in it, and of the meeting held pursuant to such call. But they had no power under the charter to call a special meeting except in the absence of the mayor. Charter, § 115. There is no proof that he was absent at the time in question. On the other hand, the proof is that he was not absent, and that he refused to call a special meeting. Unless, therefore, the validity of the call and of the meeting can be upheld by provisions of law outside the charter, it was

an unlawful meeting, and the assumed election of the defendant as presiding officer must fail.

The defendant seeks to support the legality of his election under the General Corporation Law (Consol. Laws, c. 23) because under the charter (§§ 1, 130) the common council is given the same general powers and authority as is given to a corporation under the general corporation laws of the state, and cases are cited holding that, where there are no regulations forbidding it, a call by a majority of the directors of a corporation served upon all of them is sufficient under the law for a legal meeting. There is no quarrel here over the correctness of that principle as applied to corporations other than municipal. But where, as here, the Legislature has provided in the charter of the municipality a method for selecting a presiding officer of the common council, the officers of the municipality should not have their acts sanctioned when they are directly contrary to such method, or when they nullify provisions made to guide their conduct with respect to the very matter about which they are assuming to act. The Legislature having provided the method, it must be followed to the exclusion of every other method. 26 Am. & Eng. Ency. of Law (2d Ed.) 529; 26 Cyc. 1122.

If this view is correct, the defendant has been illegally designated as presiding officer, and the injunction restraining him from acting should be continued.

The motion to vacate the injunction is therefore denied, with $10 costs.

Motion denied, with $10 costs.