In the Matter of the Application of JULIUS GROSSMAN, INC., Petitioner, and MORTIMER GROSSMAN, SANFORD BECKER, WALTER A. FRIBOURG, EDYTHE FRIBOURG and EDWARD SCHOEN, JR., Respondents, v. SAMUEL G. STAFF and RUBY H. JORDAN, Appellants.— In a proceeding brought by the petitioners-respondents, purportedly pursuant to section 25 of the General Corporation Law, to obtain an order (1) establishing and affirming election at a stockholders' meeting of three of the petitioners-respondents, to wit, Mortimer Grossman, Sanford Becker and Walter A. Fribourg, as directors of Julius Grossman, Inc.; (2) declaring null and void and setting aside the alleged and pretended election of Samuel G. Staff and Ruby H. Jordan as directors of Julius Grossman, Inc., and (3) permanently enjoining them from in any manner purporting and attempting to act as such directors; Samuel G. Staff and Ruby H. Jordan, respondents at Special Term and here appellants, by their several notices of appeal, seek a review (a) of the final order in this proceeding confirming the report of an official referee and confirming the election as such directors of those three petitioners-respondents, (b) of an interlocutory order denying the appellants' motion to submit a supplemental answer herein, and (c) of another interlocutory order holding that the Special Term had jurisdiction to entertain this proceeding and referring the matter to an official referee to take proof upon certain issues, and also finding that on the face of the returns those three petitioners-respondents were duly elected such directors, unless the evidence to be taken on those issues shows otherwise. Appeals unanimously dismissed, without costs. The record discloses that the questions involved have become academic and moot. From this it follows that this court should not entertain the appeals. The final order appealed from in effect declared the election of those three petitioners-respondents as directors lawful and valid, and the pretended election of the appellants invalid. After the election, during the pendency of the proceeding and before the final order was entered, those three petitioners-respondents, who are not stockholders of Julius Grossman, Inc., resigned as directors and the appellants were thereupon duly elected and have since been functioning as such directors. Under the circumstances, there is nothing

which this court should review as the facts just stated rendered abstract and academic every question that was raised or could have been raised in this proceeding, or upon any of the several appeals, and because thereof there was and is no reason or excuse for prolonging the litigation. Appeals will not be heard to settle abstract or academic questions, however important they may be to the general public or to the legal profession; but only to cure errors affecting injuriously the rights of some party to the litigation. (*Bryant* v. *Thompson*, 128 N. Y. 426, 433; *Matter of Mount*, 107 App. Div. 1, 7; *Public National Bank* v. *National City Bank*, 261 N. Y. 316, 322, 323; *McComb* v. *Title Guarantee & Trust Co.*, 36 Misc. 370, 376, and cases there cited.) When, as here, the questions presented upon an appeal become merely academic through a changed course of events, the court ordinarily will refuse to decide the abstract questions and will dismiss the appeal. (*Delavan* v. *N. Y., N. H. & H. R. R. Co.*, 216 N. Y. 359, 362.) This court thus refuses in the instant case. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ., concur.