In the Matter of NATHAN M. OHRBACH et al., on Behalf of Themselves and All Other Tenant Stockholders of 150 Central Park South, Inc., Similarly Situated, Respondents, against ARNOLD S. KIRKEBY et al., Appellants, et al., Defendant.

First Department, March 12, 1957.

*Stephen S. Bernstein* and *James E. Buck* for appellants.

*Albert I. Edelman* for respondents.

BREITEL, J. The issue in this case is whether, in a proceeding brought under section 25 of the General Corporation Law to set aside a corporate election, a temporary stay or injunction may be granted postponing a new election until the issues have been determined with respect to the old. Such a stay was granted below, and the corporation and management have appealed.

Involved is a co-operative apartment stock corporation, organized and sponsored in 1949 by the then owner of the building. Under the co-operative plan, it is alleged, the owner, under a 10-year contract, through an operating company, has continued as the operating manager of the building. A stockholders' group, consisting of tenant-owners in the building, brought the proceeding to set aside the 1956 election of directors on the ground that there had been fraudulent concealment, by the management and operating company, of various financial

arrangements and transfers of vacant apartments in the building. It was also claimed that various proxies used in that election had been obtained both by fraud and coercion.

There has been an intermediate appeal in the proceeding which, in part, prevented a summary disposition. In addition, a reference has been directed and, as of this time, only the petitioners have presented their proof and rested. As a consequence, the issues of fact involved in this special proceeding have not yet been determined. In the meantime, the annual election by the stockholders, under the provisions of the corporate by-laws, was scheduled to take place, February 18, 1957. It is conceded that a new election would render the present proceeding moot and academic. (*Matter of Julius Grossman, Inc.,* 252 App. Div. 886.) In order to avoid that consequence, petitioners moved for a stay or temporary injunction of the scheduled election, pending final adjudication of this proceeding. In opposing the order below, and in seeking reversal thereof in this court, appellants argue that the court's power under section 25 of the General Corporation Law is limited to confirming the contested election or ordering a new one. Since a new election is available, they argue, there is no occasion for continuing this proceeding, since a new election would constitute all the relief which petitioners seek.

A literal rendering of the statute and the principles adduced by appellants would suggest the conclusion they urge. Such a literal rendering would ignore, however, the patent realities involved in a proceeding of this kind. This a court should not do.

Paramount in the background of this case is a contest not between a fractional minority stock ownership and a group representing substantial investor ownership. Rather, there is involved a co-operative apartment house, in which the prior owner has parted with the bulk of the ownership to occupant-tenants, and yet retains operation by virtue of a long-term contract. Distinguishing this, too, from the usual corporate situation is the fact that postponement of the new election will continue appellants in office and control.* As a consequence, they can hardly point to any prejudice to themselves. Insofar as stockholders not affiliated with either group are concerned, until they are heard to complain that issue is not raised.

---

* Thus, cases relied on by appellants where the injunctive relief sought would prevent corporate or public officers, whose election or appointment was contested, from exercising the powers of their office, are inapposite. (*People* v. *Albany & Susquehanna R. R. Co.,* 57 N. Y. 161; *People ex rel. Corscadden* v. *Howe,* 2 N Y 2d 468.

Section 25 is limited in the relief that may be granted thereunder.** In granting relief, however, under section 25, the court, it has been said, is a court of equity and thus may weigh the fairness of the election according to equitable principles. (*Matter of Wyatt* v. *Armstrong,* 186 Misc. 216, 219.) Such a court has incidental powers to effectuate its jurisdiction. In any event, a court has power to protect its jurisdiction and to prevent devices which will have the purpose alone of frustrating a final determination. (*Tricarico* v. *Society of St. Joseph Palo Del Colle, Italy,* 252 App. Div. 786; see, generally, Aranow & Einhorn on Proxy Contests for Corporate Control [1957], ch. 19.) In this case, appellants have made it quite clear that they wish to avoid a determination on the issues which have only been half-tried before the Referee. There has also been a finding by the Referee of a deliberate failure by appellants to produce a material witness.

A new election would presumably raise some of the same issues, and a new proceeding would have to be started. Even if the same issues were not raised, this is a special type of corporation. The parties are all dwellers in a single building, and, therefore, intimately associated with one another, at least in certain respects. It is quite material, then, that the serious charges, which have been made, be resolved in a proper forum, so that the stockholders, when they do vote, will, in addition to the informational campaign associated with the solicitation of proxies, have the benefit of such proceedings.

While the authorities are far from clear as to exactly what kind of proceeding a section 25 proceeding is — whether it is brought under article 78 of the Civil Practice Act or not — there is no doubt that in at least one recent case the proceeding has been treated as one brought under article 78. (See *Matter of Hoe & Co.,* 137 N. Y. S. 2d 142, affd. 285 App. Div. 927, affd. 309 N. Y. 719; see, also, Aranow & Einhorn on Proxy Contests for Corporate Control [1957], ch. 19.) Viewing the proceeding as one brought under article 78, there is statutory power, under section 1299, to grant a stay, pending the final order of the court. (Cf. *Matter of Dietz,* 138 App. Div. 283, 286.)

---

** Section 25 of the General Corporation Law reads as follows: "Upon the application of any member aggrieved by an election, and upon notice to the persons declared elected thereat, the corporation and such other persons as the court may direct, the supreme court at a special term thereof shall forthwith hear the proofs and allegations of the parties, and confirm the election or order a new election, as justice may require." See, generally, *Matter of Faehndrich,* 2 N Y 2d 468.

Examined from another aspect, section 878 of the Civil Practice Act defines the conditions under which a court, '' during the pendency of the action '', has power to grant a temporary injunction. Section 25 is a simplified proceeding in the nature of quo warranto created by the Legislature. (*Matter of Ringler,* 204 N. Y. 30.) In a quo warranto action, by the very terms of section 878, the court would be empowered to grant this injunction. In fact, in unusual circumstances, an injunction has been granted providing the same relief as would the ultimate judgment in the quo warranto action. (*People ex rel. Connelly* v. *Zeeh,* 85 Misc. 151.)

From still another aspect, there is authority for the view, that, generally, in ordering the maintenance of the *status quo ante* pending its determination, a court is exercising an inherent power, not dependent upon statutory provisions governing the issuance of injunction *pendente lite.* (*Woerishoffer* v. *North Riv. Constr. Co.,* 99 N. Y. 398; *Wilkinson* v. *North Riv. Constr. Co.,* 66 How. Prac. 423; but, cf. *Matter of Holle,* 160 App. Div. 369. See, generally, 10 Carmody-Wait on New York Practice, p. 523.)

On any view of the situation, it would be inequitable to lift the stay summarily. Special Term, in granting the stay, restrained both parties from conducting any proxy campaigns pending final determination. A summary lifting of the stay, in the circumstances of this case, followed by an early election, would prevent the stockholders from having a proper ventilation of the issues. On the other hand, there seems no warrant for continuing the restraint on both sides in campaigning for proxies. This proceeding should be terminated promptly, and the election, required under the by-laws, and the preceding campaign, should also proceed at the earliest opportunity. The conduct of private corporate affairs should be interfered with as little as possible. Consequently, the restraint on a proxy campaign should be lifted, but at the same time, the desirable purposes of this proceeding, nearing early accomplishment as they are, should not be frustrated.

In holding as we do, we find power in the court to grant the temporary stay; but this does not mean that the occasion for the granting of such a stay is apt to arise with any frequency in a section 25 proceeding. Generally, with regard to almost any kind of corporation and situation that is likely to occur, a new election would resolve the very issues in the proceeding. In that latter event, there is no occasion for staying the new election solely for the purpose of permitting the special pro-

274

ceeding to survive and continue to its culmination. But, in this case, those special circumstances are present, together with the fact that the past restraint on the proxy campaign would render unjust an immediate election under the by-laws.

Accordingly, the order of Special Term should be modified to eliminate therefrom the last directory provision restraining the parties from soliciting proxies of tenant-stockholders, and there should be added a provision directing the parties and the Referee heretofore appointed to proceed with the hearings and determination of the reference with utmost speed, and providing for the fixing of an election by the stockholders, pursuant to the order of the court, or pursuant to a postponed meeting of the annual meeting of stockholders, under the provisions of the by-laws, at the earliest convenient date after 20 days from the making and entering of the final order in this proceeding. The order should be thus modified, in the exercise of discretion, without costs to either party. Settle order.

PECK, P. J., BOTEIN, RABIN and FRANK, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed, without costs to either party. Settle order on notice.