■ SOLOMON GOLDMAN et al., Appellants, v. BARNEY DI CARLO et al., Respondents.— In a negligence action to recover damages for personal and property injuries, etc., pending in the Civil Court of the City of New York, plaintiffs appeal from an order of the Supreme Court, Queens County, entered June 11, 1971, which denied their motion to remove the action to the Supreme Court and for leave to serve a supplemental summons and amended complaint. Order reversed, with $10 costs and disbursements, and motion granted. The supplemental summons and amended complaint shall be served within 20 days after entry of the order to be made hereon. In our opinion, plaintiffs' delay in bringing this removal application was not unreasonable, having been brought shortly after they finally became apprised of the full extent and permanency of plaintiff Sonia Goldman's injuries. Moreover, the affidavits submitted by plaintiffs are prima facie sufficient to show that the injuries sustained by her were caused by the accident upon which the action is based and may possibly exceed the monetary jurisdiction of the Civil Court of the City of New York. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ MURRAY GOLDSTEIN et al., Respondents, v. NICHOLAS SHIRMER, Appellant. (Action No. 1.) (And Another Title.) — Judgment of the Supreme Court, Orange County, entered July 15, 1970, affirmed, with one bill of costs jointly to respondents who filed a joint brief, on the opinion of Mr. Justice Sweeny at the trial court. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.

■ In the Matter of BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 5, TOWNS OF HUNTINGTON and BABYLON, Respondent, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Appellants, et al., Respondent.— In a proceeding pursuant to article 78 of the CPLR to prohibit appellants, who constitute the Public Employment Relations Board, from entertaining an improper practice charge filed by the Half Hollow Hills Teachers Association, Inc. against petitioner, the appeal is from a judgment of the Supreme Court, Suffolk County, entered August 5, 1971, which granted the petition. Appeal dismissed as academic, without costs. In view of Special Term's vacatur of the judgment appealed from, which had prohibited appellants from entertaining the improper practice charge, the appeal has been rendered moot (*Matter of Julius Grossman, Inc.* v. *Staff*, 252 App. Div. 886). Notwithstanding our dismissal, however, we wish to reaffirm our position that a properly filed charge with appellants that petitioner dismissed a teacher because of alleged union activities vests in appellants the power to determine the charge factually (*Board of Educ., Cent. School Dist. No. 1, Town of Grand Is.* v. *Helsby*, 37 A D 2d 493; see, also, *Matter of City of Albany* v. *Helsby*, 29 N Y 2d 433; *Matter of Tischler* v. *Board of Educ., Monroe Woodbury Cent. School Dist. No. 1*, 37 A D 2d 261). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.