■ LITAS INVESTING CO., INC., et al., Respondents, v VYTAUTAS VEBELIUNAS, Appellant.—In an action, *inter alia,* to permanently enjoin the defendant from serving as the president of Litas Investing Co., Inc., the defendant appeals from so much of an order of the Supreme Court, Queens County (Bambrick, J.), dated May 12, 1987, as granted the plaintiffs' motion for a preliminary injunction prohibiting him from acting as corporate president until further order of the court.

The appeal brings up for review so much of an order of the same court, dated March 6, 1989, as denied the defendant's motion for leave to renew (see, CPLR 5517 [b]).

Ordered that the order dated March 6, 1989 is reversed insofar as reviewed, the motion to renew is granted, and upon renewal, that part of the order dated May 12, 1987 which granted the plaintiffs' motion for a preliminary injunction is vacated and the plaintiffs' motion is denied; and it is further,

Ordered that the appeal from the order dated May 12, 1987 is dismissed as academic in light of our determination upon review of the order dated March 6, 1989; and it is further,

Ordered that the appellant is awarded one bill of costs.

On December 20, 1986, the plaintiffs, who were then members of the board of directors of the plaintiff Litas Investing Co., Inc. (hereinafter Litas), voted to remove the defendant from the office of president and as chairman of the board. On December 21, 1986, the defendant, in his capacity as president, called a special meeting of shareholders for December 31, 1986, and proposed a new slate of directors which included himself. The plaintiffs then sought, inter alia, a permanent injunction to prevent the defendant from continuing to hold himself out as president of Litas, a determination that the defendant had not been an officer since December 20, 1986, and cancellation of the special shareholders' meeting called by the defendant. The special shareholders' meeting was not enjoined and a new board was elected on December 31, 1986.

Between the issuance on May 12, 1987 of the preliminary injunction prohibiting the defendant from acting as corporate president and the time of the defendant's motion for leave to renew, the regular annual shareholders' meeting was held on June 4, 1987, as called by the secretary of Litas pursuant to article I, section 1 of the Litas bylaws. The plaintiff Rima Bruzas participated at this meeting by soliciting proxies to reelect her and other plaintiffs as members of the new board; however, these efforts were unsuccessful and the shareholders elected an entirely new board of directors, including the defendant, and voted out the plaintiffs. Following the annual shareholders' meeting and the election, the validity of which is uncontested on appeal, the new board met and installed the defendant as president of the corporation pursuant to Litas bylaws, article II, section 5, and article III, section 2.

The preliminary injunction was based upon the defendant's alleged lack of authorization, after his removal, to act as president, and was proper within the context of the circum-

stances at that time *(see, Matter of Brenner v Hart Sys.,* 114 AD2d 363, 366). However, the subsequent annual election by the shareholders on June 4th, which was not enjoined, is not contested by the plaintiffs and is properly before this court, resolved the issues in the action and rendered the issues previously raised academic *(see,* Business Corporation Law § 619; *cf., Matter of Ohrbach v Kirkeby,* 3 AD2d 269, 273-274; *Matter of Julius Grossman, Inc. v Staff,* 252 App Div 886, 887). As a result, the injunction should have been vacated based upon a change in the conditions that originally justified its issuance *(see, Dutchess Sanitation Serv. v Town of Plattekill,* 51 NY2d 670, 673-674, *rearg denied* 52 NY2d 1073; *Matter of Julius Grossman, Inc. v Staff, supra,* at 887). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.