■ In the Matter of GEORGE PARASKEVOPOULOS, Appellant, v GEORGE STAVROPOULOS et al., Respondents. [885 NYS2d 226]—In a consolidated proceeding, inter alia, pursuant to Not-for-Profit Corporation Law § 618 to set aside the results of an election held on January 27, 2008, for the Board of Directors of Geros Tou Morea, Inc., and pursuant to Not-for-Profit Corporation

Law § 621 (b) to compel the production of certain books and records of Geros Tou Morea, Inc., the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated September 24, 2008, as, in effect, denied that branch of the petition which was to set aside the results of the election, and directed that the next regularly scheduled election for the Board of Directors of Geros Tou Morea, Inc., was to be conducted under the supervision of a referee, and that the parties jointly pay the referee's fee.

Ordered that the appeal from so much of the order as, in effect, denied that branch of the petition which was set aside the results of the election and directed that the next regularly scheduled election for the Board of Directors of Geros Tou Morea, Inc., was to be conducted under the supervision of a referee is dismissed as academic; and it is further,

Ordered that order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

"Courts are prohibited from rendering advisory opinions and 'an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment' " (*Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809, 811 [2008], quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]).

So much of the order on appeal as, in effect, denied that branch of the petition which was to set aside the results of an election held on January 27, 2008, for the Board of Directors of Geros Tou Morea, Inc., and directed that the next regularly scheduled election for the Board of Directors of Geros Tou Morea, Inc., was to be conducted under the supervision of a referee has been rendered academic, as the next regularly scheduled election contemplated by the order was conducted in January 2009 (*see Matter of Hellenic Cultural Circle v Kotsilimbas*, 35 NY2d 814 [1974]; *Matter of Karakonstadakis v Kokonas*, 173 AD2d 706 [1991]; *Litas Inv. Co. v Vebeliunas*, 148 AD2d 680, 682 [1989]). Additionally, this case does not warrant this Court's invocation of the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715).

Under the circumstances presented, to the extent that the petitioner contends that he should not have been directed to pay a share of the referee's fee, the contention is without merit (*see* Not-for-Profit Corporation Law § 618). Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.