# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1145**
**CA 12-00632**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF JAMES FRASCATI,
PETITIONER-APPELLANT,

V                                                            MEMORANDUM AND ORDER

IRONDEQUOIT NIGHTSTICK CLUB, INC. AND
MICHAEL A. DIGIOVANNI, PRESIDENT OF
IRONDEQUOIT NIGHTSTICK CLUB, INC.,
RESPONDENTS-RESPONDENTS.

---

CHAMBERLAIN D'AMANDA OPPENHEIMER & GREENFIELD, LLP, ROCHESTER (MATTHEW J. FUSCO OF COUNSEL), FOR PETITIONER-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (LAWRENCE J. ANDOLINA OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered January 25, 2012 in a proceeding pursuant to CPLR article 78.  The judgment dismissed the petition.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum:  Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to set aside the November 3, 2011 election of the president of respondent The Irondequoit Nightstick Club, Inc. (club) on the ground that the election was not held in accordance with the club's bylaws.  Petitioner also sought a new election for the position of president of the club.  We note at the outset that the proper vehicle by which to seek a new club election is a proceeding pursuant to Not-for-Profit Corporation Law § 618, and thus we would in the usual case convert the cause of action seeking that relief to a special proceeding pursuant to that statute (*see* CPLR 103 [c]). However, because the club's next annual election was held before the issuance of our decision herein, we conclude that this appeal is moot (*see Matter of Paraskevopoulos v Stavropoulos*, 65 AD3d 1153, 1154; *Matter of Karakonstadakis v Kokonas*, 173 AD2d 706, 706-707; *see generally Litas Inv. Co. v Vebeliunas*, 148 AD2d 680, 682).  We further note that this appeal does not fall within the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707,

714-715).

Entered:  December 21, 2012                Frances E. Cafarell
                                           Clerk of the Court