| Jackson v Wang |
|:---:|
| 2024 NY Slip Op 31481(U) |
| April 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 100585/2022 |
| Judge: Arthur F. Engoron |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARTHUR F. ENGORON**                PART                      37
                              *Justice*

-------------------------------------------------------------------X

TAMARA JACKSON, EVA ZBONAKOVA, TAMARA
JACKSON, EVA ZBONAKOVA, LATOYA JACKSON,
VERONICA JOSEPH, NEIL POWELL, SHIRLEY WRIGHT,

                          Plaintiff,

                        - v -

EVELYN WANG, KAITLIN STRICKLAND, MADISON
AVENUE HOUSING DEVELOPMENT FUND
CORPORATION, GREG COHEN, STUART HALPER,
ELIZABETH RIVERA, IMPACT REAL ESTATE
MANAGEMENT, INC., VIOLET BUTLER, APOLLONIA
HOLZER, ZAIRA ZAFRA, KRYSTOF BOBER, REMI
COUSIN, TRICIA DAWSON, FRIEDERIKE WILLIAMS,

                          Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 100585/2022 |
| MOTION DATE | 01/19/2024 |
| MOTION SEQ. NO. | 010 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 165, 166, 167, 168, 169, 170, 179, 180, 181, 182, 183

were read on this motion to                        DISMISS                        .

Upon the foregoing documents, and for the reasons stated hereinbelow, defendants' motion, pursuant to CPLR 3211(a)(1) and (7), to dismiss is granted.

Background
In December 2022, pro se plaintiffs commenced this action against defendants, including Madison Avenue Housing Development Fund Corporation ("MAHDFC"), alleging, inter alia, denial of access to voting records, election fraud, and breach of fiduciary duty.

Much motion practice, the reader's familiarity with which the Court will presume, ensued, eventually leading to the instant Fourth Amended Complaint, asserting four remaining causes of action: (2) derivative breach of fiduciary duty to MAHDFC; (3) individual breach of fiduciary duty; (4) breach of contract/breach of Article X, Section 5 of the MAHDFC by-laws; and (5) violation of Non-for-Profit Corporation Law § 621. NYSCEF Doc. No. 167. Plaintiffs seek, inter alia, a Court-appointed monitor to oversee MAHDFC elections, and compensatory and punitive damages. Id.

Defendants now move, pursuant to CPLR 3211(a)(1) and (7), to dismiss the complaint, with prejudice, asserting that what began as an election dispute has morphed into a complex challenge to board decisions spanning years and multiple board elections. NYSCEF Doc. No. 165.

100585/2022  JACKSON, TAMARA vs. EVELYN WANG;                        Page 1 of 4
Motion No. 010

1 of 4

Defendants argue that plaintiffs' third through fifth causes of action should be dismissed, as they essentially seek to invalidate a 2022 election already mooted by a 2023 election. Defendants also argue plaintiffs' second cause of action, for derivative breach of fiduciary duty to MAHDFC, is time-barred, as it falls outside Article 78's four-month statute of limitations. Defendants note that alleged failures by the Board, such as not implementing certain measures and addressing violations, occurred in 2021 and 2022. Furthermore, defendants also assert that the second cause of action is barred by the business judgment rule and stress that shareholders cannot challenge decisions simply because they disagree with them.

Finally, defendants argue that the entire complaint should be dismissed, as it improperly mixes derivative and individual claims, for example, blending allegations of general mismanagement, which are derivative, with personal grievances about access to records.

In opposition, plaintiffs argue that the instant motion is barred by CPLR 3211(e)'s single motion rule, which, essentially, prohibits the filing of multiple motions to dismiss. They argue that this rule conserves judicial resources, prevents unnecessary delay and protects them from being harassed by repeated CPLR 3211(a) motions.

Plaintiffs also challenge defendants' assertion that their third through fifth causes of action are moot, highlighting broader grievances, such as alleged improper removal of votes and the failure to provide prior meeting minutes. Plaintiffs also deny defendants' claim that plaintiffs have inspected all 2022 and 2023 board minutes and dispute defendants' assertion that plaintiffs must provide an affidavit to inspect the board's minutes, pursuant to NPC § 621(c).

Without conceding that Article 78 applies to their second cause of action, for derivative breach of fiduciary duty, plaintiffs argue it is not time-barred because the Board's alleged failures were not final determinations against plaintiffs, and there has been no outright refusal by defendants to fulfil their duties. Plaintiffs acknowledge that paragraphs 218 and 224 of their Fourth Amended Complaint are non-derivative claims and seek leave to further amend the complaint to fix them.

In reply, defendants argue that plaintiffs are misinterpreting the single motion rule to try to evade dismissal and as the rule does not prevent successive motions to dismiss complaints repeatedly amended in response to prior motions. Defendants also contend that dismissing the claims of the original plaintiffs while keeping the claims of newly added plaintiffs would be wasteful.

Defendants also argue that Article 78's four-month statute of limitations applies to plaintiffs' breach of fiduciary duty claim, as plaintiffs' own allegations contradict their argument that the limitations period had not started running. For instance, the complaint asserts that the Board breached its fiduciary duty by refusing to address the issue of a flip tax in September 2021; institute a sublet fee in January 2022; institute a maintenance increase in March 2022; correct fire code violations in January 2022; and fix a sidewalk crack that had existed since at least January 2022. Defendants assert that the commencement of the instant action, in December 2022, is therefore outside Article 78's statute of limitations.

Defendants argue that, despite the Court having afforded plaintiffs multiple amended complaints, plaintiffs' claims still lack merit. Finally, defendants reject plaintiffs' attempt to shift the burden

100585/2022  JACKSON, TAMARA vs. EVELYN WANG;
Motion No. 010

Page 2 of 4

onto them to prove diligence in decision-making, emphasizing that it is plaintiffs' responsibility to overcome the presumption that the Board acted in MAHDFC's best interests.

Discussion
Dismissal pursuant to CPLR 3211(a)(1) is warranted where "documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." Leon v Martinez, 84 NY2d 83, 87-88 (1994). Dismissal pursuant to CPLR 3211(a)(7) is warranted when, "afford[ing] the pleadings a liberal construction, tak[ing] the allegations of the complaint as true and provid[ing] plaintiff the benefit of every possible inference," the complaint fails to assert facts that would make out a cause of action. EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 (2005).

Here, despite plaintiffs' arguments to the contrary, the third, fourth, and fifth causes of action all should be dismissed due to mootness, as they arise out of an election made academic by changed circumstances. It is well-established that an election challenge is moot with the occurrence of a subsequent election. See Sahid v 1065 Park Ave. Corp., 140 AD3d 521 (1st Dept 2016); Matter of Paraskevopoulos v Stavropoulos 65 AD3d 1153 (2d Dept 2009). Allegations that would overcome that mootness doctrine, do not apply here. Hearst Corp. v Clyne, 50 NY2d 707, 714-15 (1980) ("(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues.").

Plaintiffs' contention that the instant motion is barred by the single motion rule does not hold. Plaintiffs have continually modified their claims in response to defendants' successive motions, demonstrating an adaptive approach aimed at fortifying their allegations and making themselves impervious to dismissal. CPLR 3211(e) provides, in pertinent part, that "At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted." Exceptions exist, however, such as when a prior motion was not decided on its merits. Successive motions are allowed when new claims are alleged later, as here. Barbarito v Zahavi, 107 AD3d 416, 420 (1st Dept 2013) ("Because [defendants] did not have the opportunity to address the merits of the original cause of action, the single motion rule does not apply.").

Further, plaintiffs' second cause of action, for derivative breach of fiduciary duty, should be dismissed pursuant to the business judgment rule, as plaintiffs have failed sufficiently to allege bad faith, self-dealing or fraud. Auerbach v Bennett, 47 NY2d 619, 629 (1979) (The business judgment "doctrine bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes."); 40 W. 67th St. Corp. v Pullman, 100 NY2d 147, 153 (2003) ("In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination '[s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith.'").

**100585/2022   JACKSON, TAMARA vs. EVELYN WANG;**
**Motion No.  010**

Page 3 of 4

[* 3]

In the final analysis, while the Court respects pro se plaintiffs' tenacity in fighting for their homes, the election which began this action has been made moot, and the MAHDFC board is entitled to the protections of the business judgment rule.

This Court has considered plaintiffs' other arguments and finds them to be unavailing and/or non-dispositive.

Conclusion
Thus, defendants' motion to dismiss is granted, and accordingly the Clerk is hereby directed to dismiss this action with prejudice.

APR 26 2024

HON. ARTHUR F. ENGORON J.S.C.

_____
4/26/2024
DATE

_____
ARTHUR F. ENGORON, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**100585/2022  JACKSON, TAMARA vs. EVELYN WANG;**
**Motion No.  010**

**Page 4 of 4**

4 of 4